### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION,    )
                                              )
            Plaintiff,                 )       CIVIL ACTION NO.
                                                )
       v.                                 )
                                                )
PERKINS ROWE ASSOCIATES, L.L.C.,    )
PERKINS ROWE ASSOCIATES II,          )
L.L.C., PERKINS ROWE BLOCK A       )
CONDOMINIUMS, L.L.C., and JOSEPH    )
T. SPINOSA,                            )
                                                )
           Defendants.             )
                                                )

### VERIFIED COMPLAINT TO COLLECT PROMISSORY NOTES, TO FORECLOSE ON MORTGAGE, FOR ISSUANCE OF A WRIT OF SEQUESTRATION, FOR APPOINTMENT OF A KEEPER, AND FOR ENFORCEMENT OF GUARANTY

Plaintiff, KeyBank National Association ("KeyBank" or "Plaintiff"), for its Verified Complaint to Collect Promissory Notes, to Foreclose on Mortgage, for Issuance of a Writ of Sequestration, for Appointment of a Keeper, and for Enforcement of Guaranty against Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., Perkins Rowe Block A Condominiums, L.L.C., and Joseph T. Spinosa (collectively, "Defendants," and with Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and Perkins Rowe Block A Condominiums, L.L.C. individually and collectively constituting "Borrower") alleges as follows:

1.

This is an action to enforce promissory notes and a mortgage and to foreclose by ordinary process on certain property (the "Property"), described more fully below, and to obtain a writ of sequestration of the Property and the appointment of Jones Lang LaSalle Americas, Inc. as keeper for the Property (the "Keeper"), all as provided for in (i) a certain mortgage on the

BR.586903.10

Property; (ii) a certain loan agreement between KeyBank, as a lender and as administrative agent ("Agent") for itself and other lending institutions (collectively, with Plaintiff, the "Lender"), and Borrower (other than Perkins Rowe Block A Condominiums, L.L.C.); and (iii) related loan documents, as defined in that certain loan agreement and as set forth more fully below. This action further seeks a judgment against Defendant, Joseph T. Spinosa ("Guarantor") under the terms of a payment guaranty made for the benefit of Plaintiff. KeyBank acts herein as both Agent and Lender.

The Parties

2.

Plaintiff KeyBank is a national banking association with its main office in Cleveland, Ohio. KeyBank is a citizen of Ohio for diversity purposes under 28 U.S.C. § 1348.

3.

KeyBank, a national banking association, appears herein individually as a Lender and as Agent for Lender under a certain Construction Loan Agreement dated July 21, 2006, as amended and restated pursuant to an Amended and Restated Construction Loan Agreement, made as of August 25, 2006, and as amended and further modified as of June 30, 2008 in the First Amendment to the Amended and Restated Construction Loan Agreement (as amended, restated and modified, the "Loan Agreement").

4.

Defendants Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and Perkins Rowe Block A Condominiums, L.L.C. are limited liability companies organized under the laws of the State of Louisiana and qualified to do business in Louisiana. No member of

- 2 -

Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., or Perkins Rowe Block A Condominiums, L.L.C. is domiciled or organized under the laws of the State of Ohio.  Thus, none of the Borrowers are citizens of Ohio for diversity purposes under 28 U.S.C. § 1332.

5.

Defendant Joseph T. Spinosa resides and maintains his domicile in Louisiana. Joseph T. Spinosa is a citizen of Louisiana for diversity purposes under 28 U.S.C. § 1332.

6.

Defendants are subject to the personal jurisdiction of this Court.   In addition, they consented to the jurisdiction of this Court in the Loan Agreement and the Loan Documents, as defined in the Loan Agreement and discussed further below, that are the subject of this action. Borrower may be served with process through its registered agent, Joseph T. Spinosa.   Mr. Spinosa may be served personally.

Jurisdiction And Venue

7.

This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

8.

Venue is proper in this division and district of this Court pursuant to 28 U.S.C. § 1391.

BR.586903.10

The Loan Documents

9.

By that certain Loan Agreement by and among Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., each as Borrower thereunder, and KeyBank, as both Lender and as Agent for Lender, Lender agreed to loan Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. the principal sum of ONE HUNDRED SEVENTY MILLION AND NO/100 DOLLARS ($170,000,000.00) (the "Loan").

10.

The Loan made to Borrower under the Loan Agreement was to be used to finance Borrower's construction of a mixed-use project including approximately 317 rental apartment units (88 of which were subsequently converted to condominium units) containing approximately 322,932 square feet of area, 373,018 square feet of retail space, 137,766 square feet of office space, parking and other site improvements on a 23-acre site located at the intersection of Bluebonnet Boulevard and Perkins Road in Baton Rouge, Louisiana to be known as "Perkins Rowe" (the "Project").

11.

Each Lender appointed KeyBank as its Agent under the Loan Agreement and each other Loan Document, as defined in the Loan Agreement, and authorized KeyBank to take such actions as Lender is obligated or entitled to take under the provisions of the Loan Agreement and the other Loan Documents.

- 4-

12.

Contemporaneously with execution of the original Loan Agreement, Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. executed in favor of KeyBank a certain Amended, Restated and Consolidated Promissory Note dated July 21, 2006 in the original principal amount of One Hundred Seventy Million and No/100 Dollars ($170,000,000.00), in part refinancing existing indebtedness.

13.

In furtherance of and contemporaneously with execution of the amended and restated Loan Agreement, nine individual promissory notes were executed by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. in favor of the respective Lenders, such nine notes executed in substitution of that certain Amended, Restated and Consolidated Promissory Note dated July 21, 2006 in the original principal amount of $170,000,000.00

14.

KeyBank is both Lender and Agent for Lender under the Loan Agreement and each other Loan Document, as defined in the Loan Agreement, with authority to take such actions as Lender is obligated or entitled to take under the provisions of the Loan Agreement and the other Loan Documents. Each Lender is the holder of a promissory note, dated as of August 25, 2006, made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., payable to the order of each respective Lender with each note bearing interest as described therein (including at the Default Rate, as defined in the Loan Agreement, at any time in which an Event of Default exists), in accordance with the terms of the Loan Agreement, all as will more fully appear from a copy of each note, which are attached as Exhibit "A." The aggregate principal sum of such nine

- 5-

individual notes (collectively, the "Note") is ONE HUNDRED SEVENTY MILLION AND NO/100 DOLLARS ($170,000,000.00). The Note further provides that Borrower will pay, in addition to the principal, interest and other sums due and payable thereon, all costs of collecting or attempting to collect the Note, including all reasonable attorneys' fees and disbursements.

15.

The Note is secured by that certain Amended, Restated and Consolidated Mortgage, Assignment of Rents and Security Agreement (as amended, the "Mortgage"), effective as of July 21, 2006, by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. in favor of KeyBank as Agent for current and future holders of the Secured Obligations, as therein defined. Each of Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. executed the Mortgage before a duly authorized Notary Public and two witnesses. On July 21, 2006, the Mortgage was filed for recordation with the Clerk of Court and Recorder of Mortgages for East Baton Rouge Parish, Louisiana (the "Records") at Original 465, Bundle 11861. KeyBank attaches as Exhibit "B" hereto a certified copy of the Mortgage.

16.

The Mortgage, recorded on July 21, 2006 as Original 465, Bundle 11861 in the Records, amended and restated and consolidated (i) that certain Act of Mortgage and Security Agreement to Secure Present and Future Obligations by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. in favor of Wachovia Bank, National Association dated September 12, 2005, recorded as Original 526, Bundle 11764 in the Records, which mortgage was assigned by Wachovia Bank, National Association to KeyBank, National Association by that certain Act of Assignment and Notarial Endorsement of Notes, Obligations, Loan Documents and Other

- 6-

Accessory Obligations by and between Wachovia Bank, National Association and KeyBank, National Association effective July 21, 2006, recorded as Original 463, Bundle 11861 in the Records and (ii) that certain Act of Mortgage and Security Agreement to Secure Present and Future Obligations by Perkins Rowe Associates, L.L.C. in favor of JTS Realty Services, L.L.C. dated April 24, 2006, recorded as Original 215, Bundle 11830 in the Records, which mortgage was assigned by JTS Realty Services, L.L.C. to KeyBank, National Association by that certain Act of Assignment and Notarial Endorsement of Notes, Obligations, Loan Documents and Other Accessory Obligations by and between JTS Realty Services, L.L.C. and KeyBank, National Association, effective July 21, 2006, recorded as Original 462, Bundle 11861 in the Records.

17.

The Mortgage secures the Secured Obligations of Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., as defined in the Mortgage and as described in Section 1.2 (a) of Exhibit "B" hereto (collectively, the "Secured Obligations").

18.

The Mortgage was amended by that certain First Amendment to Loan Documents, effective as of August 25, 2006, by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., and, as amended, encumbers and grants a security interest in favor of KeyBank, attached hereto as Exhibit "C" (the property described therein collectively constituting the "Property" referenced herein), subject to the following Condominium Units having been released from the Block A legal description: 307, 417, 318, 316, 322, 314, 312, 317, 414, 220, 221, 416, 326, 305, 407, 315, 426, 306, 209, 310, 218, 324, 325, 225, 424, 304, 229, 328, 311, 308, 406, 201, 227, 226, 212, 216, 217, 405, 219, 421, 415, 329, 327, 428, 409, 427, 423, 203

- 7-

and 422, in the Condominium Regime known as Lofts at Perkins Rowe Condominium, filed for record as Original 164, Bundle 12020 of the official records of East Baton Rouge Parish, Louisiana, being part of Unit B, Perkins Rowe Building "A" Retail and Residential Condominium, filed for record as Original 161, Bundle 12020 of the official records of East Baton Rouge, State of Louisiana, and further subject to releases pursuant to the Partial Release of Security Documents executed by KeyBank on June 30, 2008.

19.

The Mortgage also effects an Assignment of Rents, pursuant to which Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. assigned to and granted a security interest in favor of KeyBank in all rents, royalties, issues, profits, revenue, income, accounts, proceeds, and other benefits of the Property, whether now due, past due or to become due, including all prepaid rents and security deposits (some or all collectively, as the context may require, "Rents"), such assignment/security interest given to the fullest extent allowed by Louisiana Revised Statutes § 9:4401.

20.

The Mortgage also effects a Security Agreement, creating a lien on the Property, as therein defined, and an absolute assignment of the Rents, as therein defined, in favor of KeyBank, pursuant to the Uniform Commercial Code as adopted in Louisiana and as evidenced by financing statements duly recorded and attached as Exhibit "D" hereto.

- 8-

21.

In the Mortgage, Borrower agreed to this Court's appointment of a keeper for the

Property at KeyBank's request in the event that the Property is seized under a writ of

sequestration:

> In the event the Property, or any part thereof, is seized as an
> incident to an action for the recognition or enforcement of this
> Mortgage by … ordinary process, sequestration, … or otherwise,
> Mortgagor and Mortgagee agree that the court issuing any such
> order shall, if petitioned for by Mortgagee, direct the applicable
> sheriff to appoint as a keeper of the Property (on behalf of itself
> and Lender) Mortgagee or any agent designated by Mortgagee or
> any other person named by Mortgagee at the time such seizure is
> effected.  This designation is pursuant to La. R. S. 9:5136 through
> 5140.2, inclusive, as the same may be amended from time to time,
> and Mortgagee shall be entitled to all the rights and benefits
> afforded thereunder.

(*See* Mortgage § 6.3(b), attached as Exhibit "B".)

22.

As additional security for the Loan, Guarantor executed that certain Amended and

Restated Payment Guaranty (the "Payment Guaranty"), made as of August 25, 2006, as

Guarantor thereunder, in favor of KeyBank, which Payment Guaranty amended and restated that

certain original payment guaranty executed by Guarantor dated as of July 21, 2006 and in which

Guarantor guaranteed the full, prompt and complete payment and performance of any and all

amounts owed under the Note, the Loan Agreement and the other Loan Documents. Among

other things, the Payment Guaranty provides that,

> In the event of any default by Borrower in the payment of the Indebtedness,
> after the expiration of any applicable cure or grace period, Guarantor
> agrees, on demand by Agent or the holder of the Note, to pay the
> Indebtedness regardless of any defense, right of set-off or claims which

> Borrower or Guarantor may have against Agent, Lender or the holder of the
> Note.

(*See* Payment Guaranty ¶ 3, attached hereto as Exhibit "E".)

23.

As additional security for the Loan, Perkins Rowe Associates, L.L.C. and Perkins Rowe

Associates II, L.L.C. executed in favor of KeyBank, as Agent for current and future holders of

the Secured Obligations, an Assignment of Leases and Rents (the "Assignment of Rents"),

effective as of July 21, 2006. On July 21, 2006, the Assignment of Rents was filed for

recordation in the Records at Original 467, Bundle 11861. KeyBank attaches as Exhibit "F" a

certified copy of the Assignment of Rents.

24.

Pursuant to that certain Funding Agreement dated as of April 7, 2008 by and among

Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., Perkins Rowe Block

Block A Condominiums, L.L.C., Joseph T. Spinosa, and KeyBank, wherein Perkins Rowe Block

A Condominiums, L.L.C. assumed and agreed to perform and be bound by each and every

obligation, liability and duty of Borrower under any of the Loan Documents (the "Funding

Agreement"), Perkins Rowe Block A Condominiums, L.L.C. became an additional Borrower

under the Loan Agreement. A copy of the Funding Agreement is attached hereto as Exhibit "G".

25.

As additional security for the Loan, Borrower, as Assignor thereunder, executed that

certain Collateral Assignment of Rights Under Master Declaration with an Irrevocable Power of

Attorney ("Collateral Assignment of Rights under Master Declaration"), dated June 30, 2008, in

favor of KeyBank, as Agent for current and future holders of the Secured Obligations, wherein

- 10-

Borrower assigned to Agent all of its right, title and interest in and to that certain Master Declaration of Servitudes, Covenants, Conditions and Restrictions dated July 19, 2006, and recorded as Original 457, Bundle 11861 in the Records, as amended and restated by that certain Amended and Restated Master Declaration of Covenants, Servitudes and Restrictions dated December 20, 2007, and recorded as Original 158, Bundle 12020 in the Records, as modified by that certain Withdrawal of Property from Perkins Rowe and Coverage by the Perkins Rowe Amended and Restated Declaration dated as of June 30, 2008, and recorded as Original 137, Bundle 12075 in the Records, and as amended and restated by that certain Second Amended and Restated Master Declaration of Covenants, Servitudes, and Restrictions dated as of June 30, 2008, and recorded as Original 151, Bundle 12075 in the Records. The Collateral Assignment of Rights under Master Declaration was recorded as Original 160, Bundle 12075 in the Records as of July 3, 2008 and a certified copy is attached hereto as Exhibit "H", along with a copy of recorded UCC-1 financing statements 17-1328303, 17-1328306, and 17-1328309, each recorded in the UCC records of Louisiana, evidencing the security interest.

26.

As additional security for the Loan, Perkins Rowe Block A Condominiums, L.L.C. executed that certain Collateral Assignment of Condominium Documents and Rights Under Declaration with an Irrevocable Power of Attorney ("Collateral Assignment of Condominium Documents – Building "A"), dated June 30, 2008, in favor of KeyBank, as Agent for current and future holders of the Secured Obligations, wherein Perkins Rowe Block A Condominiums, L.L.C. assigned to Agent all of its right, title and interest in and to that certain Declaration of Condominium Creating and Establishing Perkins Rowe Building "A" Retail and Residential

- 11-

Condominium dated December 20, 2007, and recorded as Original 161, Bundle 12020 in the Records, as amended by that certain Amendment to Declaration of Condominium Creating and establishing Perkins Rowe Building "A" Retail and Residential Condominium dated as of June 30, 2008, and recorded as Original 161, Bundle 12075. The Collateral Assignment of Condominium Documents – Building "A" was recorded as Original 164, Bundle 12075 in the Records as of July 3, 2008 and a certified copy is attached hereto as Exhibit "I", along with a copy of recorded UCC-1 financing statement 17-1328310, recorded in the UCC records of Louisiana, evidencing the security interest.

27.

As additional security for the Loan, Perkins Rowe Block A Condominiums, L.L.C. executed that certain Collateral Assignment of Condominium Documents and Rights Under Declaration with an Irrevocable Power of Attorney ("Collateral Assignment of Condominium Documents – Lofts"), dated June 30, 2008, in favor of KeyBank, as Agent for current and future holders of the Secured Obligations, wherein Perkins Rowe Block A Condominiums, L.L.C. assigned to Agent all of its right, title and interest in and to that certain Declaration of Condominium Creating and Establishing the Lofts at Perkins Rowe Condominium dated December 20, 2007, and recorded as Original 164, Bundle 12020 in the Records, as amended by Amendment to Declaration of Condominium Creating and Establishing the Lofts at Perkins Rowe Condominium dated as of June 30, 2008 and recorded as Original 165, Bundle 12075 in the Records. The Collateral Assignment of Condominium Documents – Lofts was recorded as Original 166, Bundle 12075 in the Records as of July 3, 2008 and a certified copy is attached

- 12-

hereto as Exhibit "J", along with a copy of recorded UCC-1 financing statement 17-1328312, recorded in the UCC records of Louisiana, evidencing the security interest.

28.

As additional security for the Loan, Perkins Rowe Block A Condominiums, L.L.C. executed that certain Collateral Assignment of Contracts of Sale with an Irrevocable Power of Attorney ("Collateral Assignment of Contracts of Sale"), dated June 30, 2008, in favor of KeyBank, as Agent for current and future holders of the Secured Obligations, wherein Perkins Rowe Block A Condominiums, L.L.C., as Assignor thereunder, assigned and transferred to Agent and granted to Agent a security interest in all of Assignor's right, title and interest in and to each and every contract or agreement, now or hereafter entered into by Assignor, pursuant to which Assignor has agreed to sell a Unit (the "Contracts of Sale") to any individual or entity, together with all rights to receive payments under such contracts or agreements, and all of Assignor's right, title and interest in and to any earnest money or other deposits made by the contract purchaser of any Unit (collectively, the "Deposits"). The Collateral Assignment of Contracts of Sale was recorded as Original 167, Bundle 12075 in the Records as of July 3, 2008 and a certified copy is attached hereto as Exhibit "K", along with a copy of recorded UCC-1 financing statement 17-1328314, recorded in the UCC records of Louisiana, evidencing the security interest.

29.

As additional security for the Loan, Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., collectively as Assignor thereunder, executed that certain Assignment of Construction Documents ("Assignment of Construction Documents"), dated as of July 21, 2006,

- 13-

in favor of KeyBank, in its capacity as administrative agent for Lender, wherein Borrower transferred and assigned to KeyBank all right, title and interest of Assignor thereunder now or hereafter acquired in and to certain documents, including, without limitation, the general contract between Borrower and the General Contractor of the Project, all contracts and Subcontracts, all architectural, engineering and other design contracts, all plans, specifications and other design and construction documents, all guarantees, warranties and other undertakings covering the quality or performance of the work or the quality of the materials required by the General Contracts, contracts and Subcontracts, as further described therein. A copy of the Assignment of Construction Documents is attached hereto as Exhibit "L".

30.

KeyBank, as a Lender and as Agent for Lender, is entitled to all rights pursuant to the following additional agreements:

(i)      That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated April 20, 2006 made by Perkins Rowe Associates, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates, L.L.C. and the Architect dated May 10, 2005;

(ii)      That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated April 28, 2006 made by Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the architecture

BR.586903.10

contract between Perkins Rowe Associates II, L.L.C. and the Architect dated September 20, 2005;

(iii)    That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated May 26, 2006 made by Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates II, L.L.C. and the Architect dated September 20, 2005;

(iv)    That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated March 31, 2006 made by Perkins Rowe Associates, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates, L.L.C. and the Architect dated March 4, 2005;

(v)    That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated March 31, 2006 made by Perkins Rowe Associates, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates, L.L.C. and the Architect dated May 10, 2005;

(vi)    That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by John O'Brien, architect and president of O'Brien & Associates, Inc., in

- 15-

favor of KeyBank, concerning that certain Assignment of Construction Documents dated February 28, 2006 made by Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates II, L.L.C. and the Architect dated May 10, 2005;

(vii)     That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by Tommie L. Cockfield, architect and president of Cockfield Jackson Architects, in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 15, 2006 made by Perkins Rowe Associates, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates, L.L.C. and the Architect dated April 17, 2006;

(viii)     That certain Architect's Agreement and Consent to Assignment of Construction Documents executed by G. Niles Bolton, chief executive officer of Niles Bolton Associates, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 2, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the architecture contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Architect dated June 2, 2006;

(ix)     That certain Contractor's Agreement and Consent to Assignment of Construction Documents executed by Mike Wick, manager of Echelon Construction Services, L.L.C., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 15, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the general contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Contractor dated June 9, 2006;

- 16-

(x)     That certain Contractor's Agreement and Consent to Assignment of Construction Documents executed by Lance Gopffarth, vice president construction operations of EMJ Corporation, in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 15, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the general contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Contractor dated May 31, 2006;

(xi)    That certain Contractor's Agreement and Consent to Assignment of Construction Documents executed by Alan Smith, vice president of MBD Construction Company, Inc., in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 7, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the general contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Contractor dated June 7, 2006;

(xii)   That certain Engineer's Agreement and Consent to Assignment of Construction Documents executed by Murray McCullough, member of Benchmark Group, LLC, in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 15, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to KeyBank, pertaining to the engineering contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Engineer dated April 4, 2006;

(xiii)  That certain Engineer's Agreement and Consent to Assignment of Construction Documents executed by Mark L. Shepard, CEO of Structural Consultants Associates, Inc. in favor of KeyBank, concerning that certain Assignment of Construction Documents dated June 15, 2006 made by Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C. to

- 17-

KeyBank, pertaining to the engineering contract between Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and the Engineer dated January 28, 2005;

(xiv) That certain Subordination and Recognition Agreement (Construction Documents) ("Subordination of Construction Documents"), dated as of June 30, 2008, executed by and among Echelon Construction Services ("Contractor" thereunder), Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., and Perkins Rowe Block A Condominiums, L.L.C., wherein Contractor subordinated in favor of KeyBank, in its capacity as Agent for Lender, all rights and interests of Contractor under construction contracts related to the Project, including rights to contract sums, fees or other amounts to be paid by or on behalf of Borrower to Contractor or Contractor's employees, agents, subcontractors or suppliers pursuant to the Construction Documents (as defined therein) or otherwise pertaining to the property, as further described therein;

(xv) That certain Subordination and Recognition Agreement (Construction Management Agreement) ("Subordination of Construction Management Agreement"), dated as of July 21, 2006, executed by and among Pavlik Development Services, L.L.C. ("Manager" thereunder), Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., wherein Manager subordinated in favor of KeyBank, in its capacity as Agent for Lender, all rights and interests of Manager under the Management Agreement by and between Manager and Borrower dated as of March 20, 2005, including without limitation Manager's rights to management fees or other amounts to be paid by or on behalf of Borrower to Manager or Manager's employees, agents or contractors pursuant to the Management Agreement or otherwise pertaining to the property, as further described therein;

- 18-

(xvi)  That  certain  Subordination  and  Recognition  Agreement  (Management Agreement) ("Subordination of Management Agreement"), dated as of July 21, 2006, executed by and among JTS Realty Services, L.L.C. ("Manager" thereunder), Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates, II, L.L.C., wherein Manager subordinated in favor of KeyBank, in its capacity as Agent for Lender, all rights and interests of Manager under the Management Agreements by and between Manager and Borrower, as further described therein, including without limitation Manager's rights to management fees or other amounts to be paid by or on behalf of Borrower to Manager or Manager's employees, agents or contractors pursuant to the Management Agreement or otherwise pertaining to the property, as further described therein; and,

(xvii)  That  certain  Subordination  and  Recognition  Agreement  (Development Agreement) ("Subordination of Development Agreement"), dated as of July 21, 2006, executed by and among JTS Management Company, L.L.C. ("Developer" thereunder), Perkins Rowe Associates, L.L.C. and Perkins Rowe Associates II, L.L.C., wherein Developer subordinated in favor of KeyBank, in its capacity as Agent for Lender, all rights and interests of Developer under the Development Agreements by and between Developer and Borrower, as further described therein, including without limitation Developer's rights to development fees or other amounts to be paid by or on behalf of Borrower to Developer or Developer's employees, agents or contractors pursuant to the Development Agreement or otherwise pertaining to the property, as further described therein, with the foregoing (i)-(xvii), collectively, the "Ancillary Documents".

BR.586903.10

31.

As additional security for the Loan, Guarantor executed that certain Performance and Completion Guaranty (the "Performance Guaranty"), made as of July 21, 2006, to and for the benefit of KeyBank, in its capacity as Agent for Lender, wherein Guarantor absolutely, unconditionally, and irrevocably guaranteed the full, complete and punctual observance, performance and satisfaction of all of the obligations, duties, covenants and agreements of Borrower under the Loan Agreement and the other Loan Documents with respect to the Construction and completion of the Project free of any claim for mechanics, materialmen's or any other liens, and in accordance with all Laws, the Plans and Specifications, as therein defined, and the time periods and other requirements set forth in the Loan Documents, as further described therein. A copy of the Performance Guaranty is attached hereto as Exhibit "M". KeyBank expressly reserves and maintains its rights to seek full performance of the Performance Guaranty in future proceedings.

32.

As additional security for the Loan, Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C. and Guarantor executed that certain Environmental and Hazardous Substances Indemnity Agreement (the "Environmental Indemnity"), executed as of July 21, 2006, to and for the benefit of KeyBank, in its capacity as Agent for Lender. A copy of the Environmental Indemnity is attached hereto as Exhibit "N". KeyBank expressly reserves and maintains its rights to seek full performance of the Environmental Indemnity in future proceedings.

- 20-

## COUNT I -
## COLLECT PROMISSORY NOTES
## AND FORECLOSE ON MORTGAGE AGAINST BORROWER

### 33.

KeyBank realleges and incorporates each and every allegation in paragraphs 1 through 32, inclusive.

### 34.

Pursuant to the terms of the Note, Borrower was to make monthly payments of interest, payable in arrears, on the tenth (10th) day of each calendar month in the amount of all interest accrued during the immediately preceding calendar month, commencing after the date of the Note and including the maturity date of the Loan.

### 35.

Borrower failed to make interest payments which were due November 10, 2008, December 10, 2008, January 10, 2009, February 10, 2009, March 10, 2009, April 10, 2009, May 10, 2009, June 10, 2009, and July 10, 2009.

### 36.

Under Section 19.1(a) of the Loan Agreement, attached as Exhibit "O" hereto, failure of Borrower to pay any interest within five (5) days after the date when due constitutes an "Event of Default."

### 37.

Under Section 6.2(a) of the Mortgage, failure of Borrower (as Mortgagor thereunder) to pay interest within five (5) days after the date when due similarly constitutes an Event of

BR.586903.10

Default. Under Section 6.2(b) of the Mortgage, an Event of Default under the Loan Agreement or any other Loan Document constitutes an Event of Default under the Mortgage.

38.

Pursuant to Section 20.1(c) of the Loan Agreement and Section 6.3(a) of the Mortgage, KeyBank declared the Note to be immediately due and payable and made amicable demand on the Defendants. In accordance with the terms of the Note and the Loan Agreement, KeyBank has acted as a Lender and as Agent for Lender and has declared the entire balance of the Note to be fully due and payable, including principal, interest, attorneys' fees, other costs and expenses. A copy of the notice of acceleration and amicable demand sent to the Defendants is attached as Exhibit "P" hereto.

39.

Borrower remains in default with respect to the Note, the Mortgage and the Loan Agreement.

40.

As of July 15, 2009, Borrower is indebted to KeyBank as follows:

| | |
|---|---|
| Principal: | $161,432,275.40 |
| Interest at Applicable Rate (through 7/15/09): | $   4,145,240.65 |
| Late Charges: | $      115,053.90 |
| Subtotal: | $165,692,569.95 |
| | |
| Less Unapplied Former Project Escrow Funds: | $      660,539.05 |
| Total: | $165,032,030.90 |

In addition, Borrower owes KeyBank all other costs, charges, fees and expenses provided for by contract or law, together with all costs of these proceedings.

- 22-

41.

KeyBank is entitled to a judgment in the amount set forth in the previous paragraph and foreclosure on the Property under the terms of the Mortgage, the Loan Agreement, and the Loan Documents.

## COUNT II -
## WRIT OF SEQUESTRATION OF THE PROPERTY

42.

KeyBank realleges and incorporates each and every allegation in paragraphs 1 through 41, inclusive.

43.

Rule 64 of the Federal Rules of Civil Procedure authorizes this Court to utilize Louisiana state law remedies for seizing property to secure satisfaction of a potential judgment, including the remedy of sequestration pursuant to Articles 3571-76 of the Louisiana Code of Civil Procedure.

44.

Under Louisiana Code of Civil Procedure Article 3571, when a plaintiff claims "a mortgage" upon certain property, and "if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom . . . during the pendency of the action," that plaintiff "may have the property seized under a writ of sequestration." According to Louisiana Code of Civil Procedure article 3501, a writ of sequestration shall issue when the nature of the claim, the amount thereof, and the grounds relied upon for issuance of the writ are set forth in a verified complaint.

BR.586903.10

45.

Borrower remains in default with respect to the Note, the Mortgage and the Loan Agreement.   As of July 15, 2009, Borrower is indebted to Lender in the amount of $165,032,030.90, as detailed in paragraph 40, *supra*, which KeyBank incorporates by reference.

46.

Borrower owns and operates the Property.  It is therefore within the power of Borrower to conceal, dispose of, and waste the Property and the revenues it generates.  Accordingly, a writ of sequestration during the pendency of this action is warranted.

47.

Where the mortgagor of a leased commercial development or establishment has defaulted on loan payments and the mortgage provides for the appointment of a keeper, a mortgagee is entitled to the issuance of the writ of sequestration.  The Mortgage provides for the appointment of a keeper.  (*See* Mortgage § 6.3(b), attached as Exhibit "B".)  For this additional reason, this Court should issue a writ of sequestration.

## COUNT III -
## APPOINT KEEPER FOR THE PROPERTY

48.

KeyBank realleges and incorporates each and every allegation in paragraphs 1 through 47, inclusive.

49.

Rule 64 of the Federal Rules of Civil Procedure authorizes this Court to utilize Louisiana state law remedies for seizing property to secure satisfaction of a potential judgment, including

- 24-

the remedy of appointing a keeper of property seized under a writ of sequestration pursuant to Louisiana Revised Statutes §§ 9:5136-40.

50.

In the Mortgage, Borrower agreed to this Court's appointment of a Keeper for the Property at KeyBank's request in the event that the Property is seized under a writ of sequestration.  (*See* Mortgage § 6.3(b), attached as Exhibit "B".)

51.

Louisiana Revised Statutes §§ 9:5136 & 5137(A) mandate the appointment of a keeper of the property seized under a writ of sequestration where such has been provided for by the parties in the act of mortgage.   Accordingly, KeyBank is entitled to the appointment of a keeper pursuant to the Mortgage and the terms and provisions of Louisiana Revised Statutes §§ 9:5136-40.

## COUNT IV -
## ENFORCE PAYMENT GUARANTY
## AGAINST DEFENDANT SPINOSA

52.

KeyBank realleges and incorporates each and every allegation in paragraphs 1 through 51, inclusive.

53.

The Payment Guaranty provides, among other things, that:

> In the event of any default by Borrower in the payment of the Indebtedness, after the expiration of any applicable cure or grace period, Guarantor agrees, on demand by Agent or the holder of the Note, to pay the Indebtedness regardless of any defense, right of set-off or claims which Borrower or Guarantor may have against Agent, Lender or the holder of the Note.

- 25-

(*See* Payment Guaranty ¶ 3, attached hereto as Exhibit "E".)

54.

Borrower has defaulted in the payment of the Indebtedness, as defined in the Payment Guaranty, and is in default with respect to the Note, the Mortgage and the Loan Agreement. All applicable cure or grace periods have expired.

55.

KeyBank demands that Guarantor pay the Indebtedness, as defined in the Payment Guaranty, pursuant to the Payment Guaranty.

56.

KeyBank has been damaged by Borrower's and Guarantor's failure to pay the Indebtedness.

57.

Under the Loan Agreement and Loan Documents, each of the Defendants is jointly, severally and solidarily liable for all amounts owing to Lender and to KeyBank in its capacity as Lender and as Agent for Lender.

WHEREFORE, KeyBank prays for judgment solidarily against the Defendants Perkins Rowe Associates, L.L.C., Perkins Rowe Associates II, L.L.C., Perkins Rowe Block A Condominiums, L.L.C. and Joseph T. Spinosa as follows:

1. That the Court enter a Judgment in the proceeding in the amount of ONE HUNDRED SIXTY ONE MILLION FOUR HUNDRED THIRTY TWO THOUSAND TWO HUNDRED SEVENTY FIVE DOLLARS AND 40/100 ($161,432,275.40) in principal, FOUR MILLION ONE HUNDRED FORTY FIVE THOUSAND TWO HUNDRED FORTY

- 26-

DOLLARS AND 65/100 ($4,145,240.65) in interest as of July 15, 2009, together with interest accruing at the Default Rate, as defined in the Loan Agreement, from such date until paid, late charges of ONE HUNDRED FIFTEEN THOUSAND FIFTY THREE DOLLARS AND 90/100 ($115,053.90), all court costs incurred in this proceeding, plus reasonable attorneys' fees;

   2.  That the Court render judgment recognizing and maintaining the mortgage, lien and privilege in favor of KeyBank as a Lender and as Agent for Lender in and to the Property described on Exhibit "C" hereto, subject to the partial releases described in Paragraph 18 hereof, and recognizing and maintaining the validity and enforceability of the following, as herein defined:

     a.  The Mortgage;

     b.  The Assignment of Rents;

     c.  The Collateral Assignment of Rights under Master Declaration;

     d.  The Collateral Assignment of Condominium Documents – Building "A";

     e.  The Collateral Assignment of Condominium Documents – Lofts;

     f.  The Collateral Assignment of Contracts of Sale;

     g.  The Assignment of Construction Documents; and

     h.  The Ancillary Documents.

   3.  That the Court render judgment recognizing the rights of KeyBank as a Lender and as Agent for Lender enforcing the Payment Guaranty.

   4.  That the Court render judgment recognizing and maintaining the rights of KeyBank as a Lender and as Agent for Lender to seek full performance of the Performance Guaranty and the Environmental Indemnity in future proceedings.

BR.586903.10

5.      That the Court issue a writ of sequestration in favor of KeyBank as a Lender and

as Agent for Lender with respect to the Property identified in Paragraph 18 hereof.

6.      That the Court appoint a keeper of the Property identified in Paragraph 18 hereof.

7.      That the Court render judgment for all equitable relief in favor of KeyBank as a

Lender and as Agent for Lender that the Court deems appropriate.

                              Respectfully submitted,

                              PHELPS DUNBAR LLP

                              By: _____
                                 Michael D. Hunt (Bar No. 7061)
                                 F. Scott Kaiser (Bar No. 14411)
                                 Shelton Dennis Blunt (Bar No. 21230)
                                 PHELPS DUNBAR LLP
                                 400 Convention Street, Suite 1100
                                 Post Office Box 4412
                                 Baton Rouge, LA  70821-4412
                                 Telephone:  (225) 346-0285
                                 Email:     michael.hunt@phelps.com
                                            scott.kaiser@phelps.com
                                            dennis.blunt@phelps.com

                                 and

                              Janine Metcalf (*Pro hac vice motion pending*)
                              JONES DAY
                              1420 Peachtree St. NE
                              Atlanta, GA 30309
                              Telephone: 404-581-8656
                              Email: jmetcalf@jonesday.com

                              ATTORNEYS FOR PLAINTIFF,
                              KEYBANK NATIONAL ASSOCIATION

- 28 -

BR.586903.10

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

KEYBANK NATIONAL ASSOCIATION, )
                                                         )
             Plaintiff,                  )      CIVIL ACTION NO.
                                                         )
         v.                           )
                                                          )
PERKINS ROWE ASSOCIATES, L.L.C., )
PERKINS ROWE ASSOCIATES II, )
L.L.C., PERKINS ROWE BLOCK A )
CONDOMINIUMS, L.L.C., and JOSEPH )
T. SPINOSA, )
                                                         )
           Defendants.            )
                                                          )

## VERIFICATION

STATE OF OHIO
PARISH/COUNTY OF _CUYAHOGA_

      BEFORE ME, the undersigned Notary Public, personally came and appeared:

<u>David Drummond</u>

National Chief Environmental Risk Officer and National Construction Engineering Manager for KeyBank National Association, Plaintiff in the foregoing Complaint, who declared that he has read the Complaint and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
David Drummond

SWORN TO AND SUBSCRIBED
BEFORE ME THIS _28_ DAY
OF JULY, 2009.

_____
NOTARY PUBLIC
Print Name: _____
Bar Roll No.: _____

SANDRA ANN PATRICK
Notary Public, State of Ohio
My Commission Expires Oct. 5, 2010