UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR


**RULING ON MOTION FOR PROTECTIVE ORDER AND TO QUASH**
**and**
**RULING ON MOTION TO COMPEL DEPOSITIONS**
**AND TO EXTEND DISCOVERY DEADLINE**

Before the court is plaintiff Keybank National Association's Motion for a Protective Order and to Quash. Record document number 81. The motion is opposed.[1] Also before the court is the Motion to Compel Depositions and to Extend Discovery Deadline filed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa. Record document number 82. The motion is opposed.[2]

**Background**

Plaintiff seeks to quash the deposition of Scott Specht, Jean Marie Butts and Timothy Poynton which were noticed for February 11, 2010 (Specht), February 12, 2010 (Butts) and February 15, 2010 (Poynton). Specht is described as "an outside lawyer for KeyBank

---

[1] Record document number 82-1. Plaintiff filed a response. Record document number 90.

[2] Record document number 90. Defendants filed a reply memorandum. Record document number 104.

on the Perkins Rowe transaction." Poynton is described as "a KeyBank employee, who was not involved in the drafting of the Perkins Rowe Loan Documents at issue in the foreclosure phase of the case." Butts is another KeyBank employee.[3] The deposition notices also demand production of numerous documents.[4]

Defendants seek to compel these depositions.

**Defendants' Motion to Compel Depositions and to Extend Discovery Deadline**

The deadline for completing "[a]ll discovery relevant to the plaintiff's right to foreclose on the Property" was February 15, 2010.[5] As demonstrated by the plaintiff, these three depositions seek information and documents which are not relevant to the plaintiff's right to foreclose on the Property. For example, the notices for the depositions of Poynton and Butts seek production of:

> 3. Documents that refer or relate to the Defendant's management of the Property or the Project.
>
> 8. Documents that refer or relate to the actual or estimated cost to complete the Project.
>
> 12. Documents transmitted between KeyBank and any of the Participating Lenders related to KeyBank's decision to foreclose.

---

[3] Her role is not described in the plaintiff's supporting memorandum. Record document number 81-1, p. 5-6.

[4] Record document number 81-3, exhibit 6.

[5] Record document number 72.

2

14. Documents transmitted between KeyBank and any of the Participating Lenders related to any requirements of KeyBank and/or the Participating Lenders regarding any purchase agreements for condominiums on the Property.

The notice for the deposition of Specht includes (in addition to the examples above) production of:

10. Documents you and/or Keybank provided to any of the Participating Lenders that refer or relate to mismanagement of the Property or the Project by the Defendants.

19. Documents transmitted between KeyBank and any of the Participating Lenders related to a potential fractionalized interest of ownership associated with the sales of condominiums to individual purchasers.

26. Documents transmitted between you and any of the Participating Lenders related to KeyBank's management of project escrow funds and any allocation of project escrow funds, including but not limited to project escrow funds related to the sale of condominiums.

Numerous other examples could be cited from the deposition notices. The above examples are sufficient to demonstrate that the discovery sought by the defendants through these three depositions goes far, far beyond discovery of "facts relevant to the plaintiff's right to foreclose on the Property."

Insofar as the defendants sought to compel these depositions as part of the fact discovery "relevant to the plaintiff's right to foreclose on the Property," their motion is denied.

Extension of a scheduling order deadline requires a showing of good cause. Rule 16, Fed.R.Civ.P. Defendants have not shown good cause to extend the deadline to complete fact discovery "relevant to the plaintiff's right to foreclose on the Property."

Defendants argued that discovery is needed as to the amount of the debt claimed by the plaintiff, which is an essential element of their foreclosure claim.[6] However, the deposition notices do not clearly seek information and documents relevant to the amount of the debt claimed by the plaintiff. Even if some of the document requests could be interpreted to seek such documents, overall these depositions seek unrelated materials. These depositions do not reasonably seek discovery of information relevant to the amount of the debt claimed by the plaintiff. Also, the defendants have not shown that they either previously requested this information directly from the plaintiff and it was denied to them, or for some good reason they were prevented from timely seeking it directly from the plaintiff.

Consequently, insofar as the defendants sought to extend the deadline to complete fact discovery "relevant to the plaintiff's right to foreclose on the Property" their motion is denied. The time to complete such fact discovery is now expired.

**Plaintiff's Motion for a Protective Order and to Quash**

Plaintiff's motion describes the Scheduling Order as dividing the case into three phases: (1) the right to foreclose; (2) the

---

[6] Record document number 82-1, defendants' supporting memorandum, pp. 17-18.

4

value of the Property; and (3) all other issues.[7] Contrary to the plaintiff's interpretation, the Scheduling Order does not divide discovery into phases during which discovery is only allowed on a particular aspect of the case. Rather, the Scheduling Order requires that fact discovery related to specific issues - namely, "the plaintiff's right to foreclose" and "other issues" - be completed by specific dates. Plaintiff stated that the Scheduling Order "provides that discovery would be 'bifurcated so as to first conduct discovery related to the Plaintiff's entitlement to foreclose on the Property.'"[8] Plaintiff's quotation from the Scheduling Order, although accurate, is misleading because it is incomplete. The Scheduling Order actually states: "The parties disagree about whether discovery should be bifurcated so as to first conduct discovery related to the plaintiff's entitlement to foreclose on the Property."[9] Although the parties' discussions regarding bifurcation of discovery prior to entry of the Scheduling Order could have led the plaintiff to interpret it as limiting discovery, the Scheduling Order does not specifically bar seeking discovery related to "other issues" before February 15.

February 15, 2010 was the deadline to complete "[a]ll fact

---

[7] Record document number 81-1, plaintiff's supporting memorandum, p. 3.

[8] Record document number 81, motion for protective order, p. 1.

[9] Record document number 72, Scheduling Order, p. 1.

5

discovery relevant to the plaintiff's right to foreclose on the Property." The time to complete discovery on that issue has expired. The deadline to complete "[a]ll fact discovery on other issues ... [is] May 14, 2010." Plaintiff's motion "does not address what discovery would be appropriate for phases 2 and 3."[10] However, the plaintiff's motion nonetheless seeks a protective order quashing these depositions and their accompanying document requests.

This relief is not warranted insofar as it is based on the interpretation that the Scheduling Order fixed exclusive discovery phases. Under the Scheduling Order, the parties were not prohibited from seeking discovery on "other issues" before February 15, and the deadline for fact discovery on "other issues" has not expired.[11]

This conclusion, however, does not automatically mean that the plaintiff's other objections to these depositions were improper. Plaintiff also complained that the defendants did not give reasonable notice for these depositions, the defendants have improperly sought to depose Specht, a KeyBank attorney, the

---

[10] Record document number 81-1, plaintiff's supporting memorandum, p. 3, n 2.

[11] Plaintiff Keybank's Motion for Summary Judgment on Its Right to Foreclose and to Enforce the Personal Guarantee, record document number 91, which was filed after the motions addressed in these rulings were filed, does not automatically stop the defendants from pursuing discovery on "other issues." The Scheduling Order does not contain any provision which would have that effect.

accompanying document requests are an improper attempt to circumvent Rule 34, Fed.R.Civ.P., and Poynton and Butts were not served with a subpoena.

Rule 30(b)(1), Fed.R.Civ.P., requires a party to give reasonable notice of a deposition. The notices were served on February 8 for depositions to be taken on February 11-15 and required extensive production of documents. Plaintiff did not agree to the defendants taking these depositions, nor did it agree to the dates for them.[12] This is not a situation where the parties had already agreed to the depositions and the notices were more of a formality rather than a party's actual first notice of the depositions. The documents submitted in connection with these motions do not demonstrate that the parties reached any agreement to take these depositions as noticed by the defendants. Defendants did not provide reasonable notice for these depositions.

Insofar as the defendants sought production of documents by the deponents, the depositions are an attempt to make an end run around Rule 34. It appears that the sought-after documents would be KeyBank documents - documents in the plaintiff's "possession, custody, or control" - for the purpose of Rule 34.

Poynton and Butts are not parties who may be deposed simply by service of a notice. They were not designated by the plaintiff as

---

[12] Record document number 81-2, Keybank supporting memorandum, exhibits 4 and 5.

7

corporate representatives for the purpose of a Rule 30(b)(6) deposition. Absent an agreement by the plaintiff to produce them, Poynton and Butts are not required to appear for a deposition unless they are properly served with a subpoena. There is no evidence that either of them was served with a subpoena.

Defendants' attempt to depose Specht runs afoul of Louisiana law. As explained by the plaintiff, Louisiana law is applicable to this case. Under Rule 501, Fed.R.Evid., in a civil action where the state law supplies the rule of decision, the privilege of a witness to withhold information shall be determined in accordance with state law. Defendants have not shown that the proposed deposition of Specht comports with the requirements of Louisiana law, particularly Louisiana Evidence Code Article 508. Article 508 requires a contradictory hearing and a determination that the information sought is not protected from disclosure by any applicable privilege or work product rule. The article also has other requirements which the defendants have not met, including that the information is not merely cumulative and there is no practicable alternative means of obtaining the information.[13]

Clearly, no hearing was held and no determination was made

---

[13] Much of the same information is apparently available from other sources, including the plaintiff. Many, if not most, of the same documents sought from Specht were also sought from Poynton and Butts.

before the defendants noticed Specht's deposition.[14] Consequently, the plaintiff is entitled to have the notice of Specht's deposition quashed.

**Expenses**

The parties also sought an award of expenses incurred in connection with their respective motions. Because the plaintiff's motion is granted for the most part and the defendants' motion is denied, the plaintiff will be awarded a reduced amount for its expenses. Plaintiff did not submit anything to support an award of a specific amount of expenses. Considering the motion papers filed by the parties, the amount of $2,500 is reasonable.

**Summary**

Accordingly, the defendants' Motion to Compel Depositions and to Extend Discovery Deadline is denied.

Plaintiff Keybank National Association's Motion for a Protective Order and to Quash is granted in part and denied in part. The notices of the deposition of Scott Specht on February 11, 2010, of Jean Marie Butts on February 12, 2010, and of Timothy Poynton on February 15, 2010, are quashed. Insofar as the plaintiff sought a protective order prohibiting the defendants from

---

[14] It would be inappropriate to consider the memoranda submitted in connection with these motions as the contradictory hearing required by Louisiana law. It is apparent that the parties' memoranda, particularly those submitted by the defendants, were not submitted for that purpose.

ever deposing Specht, the motion is granted to the extent that Specht cannot be deposed unless the defendants comply with the Louisiana law applicable to taking the deposition of an attorney. Insofar as the plaintiff sought a protective order prohibiting the defendants from ever deposing Butts and Poynton, the motion is denied.

Pursuant to Rule 37(a)(5)(C), Fed.R.Civ.P., the plaintiff is awarded reasonable expenses, including attorney's fees, incurred in connection with these motions in the amount of $2,500, to be paid by the defendants within 14 days.

Baton Rouge, Louisiana, March 24, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE