UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

**RULING ON MOTION FOR LEAVE TO AMENDED VERIFIED COMPLAINT**
**and**
**RULING ON MOTION FOR LEAVE TO FILE FIRST AMENDED COUNTERCLAIM**

Before the court is the Plaintiff's Motion for Leave to Amend Its Verified Complaint filed by plaintiff KeyBank National Association. The motion is opposed.[1] Also before the court is the Motion for Leave to File First Supplemental, Amended and Superceding Counterclaim filed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa. Record document number 88. The motion is opposed.[2]

**Applicable law**

It is well established, and the parties do not disagree, that a motion for leave to amend may be denied when the proposed amendment would not survive a Rule 12(b)(6), Fed.R.Civ.P., motion to dismiss for failure to state a claim upon which relief could be

---

[1] Record document number 99.

[2] Record document number 100.

granted.

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ____ U.S. ____, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n] — 'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed.R.Civ.P. 8(a)(2)). The court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful misconduct] devoid of further factual enhancement." *Id.* at 1949-50 (internal quotation marks omitted).

**Plaintiff's motion**

Plaintiff seeks to amend its complaint "to (i) allege that the Loan has matured by its terms and (ii) allege claims relating to the failure of Defendants and their affiliate Central Facilities, L.L.C. ("Central Facilities") to enter into an agreement for the supply of chilled water to the Project as required by the Loan Documents."[3]  Count V of the plaintiff's proposed Amended Verified Complaint joins Central Facilities as a defendant with respect to the claims related to providing chilled water to the Project.[4]  New Count VI asserts a claim against defendant Spinosa related to providing chilled water to the Project.

Defendants opposed the motion, arguing that the proposed claims related to Central Facilities should not be allowed because they are not supported by the language of the Declarations submitted with the proposed Amended Verified Complaint,[5] would not survive a motion to dismiss, and so it would be futile to permit the amendments.[6]

---

[3] Record document number 87, plaintiff's motion, p. 2.

[4] Record document number 87-3, proposed Amended Verified Complaint, ¶ 2 adding new ¶ 4(a).

[5] Record document number 87-4, proposed Amended Verified Complaint, exhibits A-C.

[6] Defendants did not oppose filing the proposed Amended Verified Complaint insofar as it alleges that the Note matured on August 1, 2009 pursuant to its terms.  See record document number 87-3, ¶ 6 amending original ¶ 38(a).

The Declarations relied on by the plaintiff establish covenants, servitudes and restrictions applicable to the property which is Perkins Rowe.[7] Using the Second Amended and Restated Master Declarations as an example, the defendants' central argument is that Section 2.8 of the Declarations grant the Declarants, which are defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, and Perkins Rowe Block A Condominiums, LLC, "an exclusive servitude over Perkins Rowe to provide chilled water to the improvements in Perkins Rowe." But, defendants argue, the Declarations do not actually require the Declarants to provide chilled water. At most, defendants argue, the Declarations require the Declarants to provide chilled water "As of the Effective Date" of the Declarations, and the plaintiff does not allege that they failed to do so.[8]

While the defendants' interpretation of Declarations Section 2.8 is supported by the language of that section, it is not so obviously correct that no other reasonable interpretation is possible. Section 2.8 can be also reasonably interpreted to mean what the plaintiff alleges it means. Moreover, Section 7.5

---

[7] The full title of the Declarations which are Exhibit A is "Second Amended and Restated Master Declarations of Covenants, Servitudes, and Restrictions for Perkins Rowe."

[8] As to the Declarations which constitute Exhibit A, which is dated June 30, 2008, there is no defined Effective Date. As to the Declarations which are Exhibits B and C, the defined Effective Date is December 20, 2007.

provides as follows: "The provisions of this Master Declaration shall be liberally construed to effectuate their purpose of creating a uniform and consistent plan for the development and operation of Perkins Rowe as a community of the highest quality." Defendants' interpretation of Section 2.8 would mean that chilled water would be provided  - or not - at the sole discretion of the Declarants, except maybe on only the Effective Date.  Such an interpretation is not compatible with "creating a consistent plan for the development and operation of Perkins Rowe."

This observation does not automatically mean that the plaintiff has stated a claim against Central Facilities. Plaintiff further alleges that, in the circumstances alleged in the proposed Amended Verified Complaint, Louisiana Civil Code Article 1977 creates a *promesse de porte-fort* for its benefit.[9] This conclusion is based, in part, on the allegations in new Count V.  Proposed new paragraphs 61 - 64 allege as follows:

61.

Each Borrower, as affiliates of Central Facilities, acted as an agent of Central Facilities and contractually obligated Central Facilities to provide chilled water to the Project.

62.

---

[9] Article 1977 provides as follows:
The object of a contract may be that a third person will incur an obligation or render a performance.
The party who promised that obligation or performance is liable for damages if the third person does not bind himself or does not perform.

5

>Central Facilities' provision of chilled water to the Property to date evidences Central Facilities' acceptance of each Borrower's promesse de porte forte and Central Facilities' incurrence of the obligation to provide chilled water to the Project.

>63.

>Pursuant to the foregoing, Central Facilities is contractually obligated to continue to deliver chilled water to the Project at commercially reasonable rates.

>64.

>Borrower has failed to provide KeyBank with contractual documentation evidencing an agreement with its affiliate, or a successor thereto, to provide chilled water in accordance with the Declarations.

Plaintiff seeks, in ¶ 69 of the proposed Amended Verified Complaint, "a declaration ... that Central Facilities is obligated to supply chilled water the Project at commercially reasonable rates and is obligated to document properly and evidence that obligation." Part of the defendants' existing counterclaim for Breach Related to Central Facilities is premised on the assertion that the plaintiff wrongfully required them to produce a contract with Central Facilities regarding the chilled water supply, and then unreasonably withheld further funding on the Project when the defendants did not do so.[10] While proposed Claim V may be a new claim by the plaintiff, it is does not introduce a new issue into

---

[10] Record document number 60, Answer, Affirmative Defenses and Counterclaim of Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa, ¶ 14-19. These allegations remain in the proposed First Amended Counterclaim.

the case.

Defendants have not shown that the plaintiff's allegations in the proposed Amended Verified Complaint are so deficient that Claim V would not survive a Rule 12(b)(6) motion.

Proposed new Claim VI against defendant Spinosa, as a guarantor under the Performance Guaranty, is also based on providing chilled water to the Project. Defendants' principal argument is that Section 8.1(i) of the Amended and Restated Loan Agreement, which the plaintiff relies on, does not require furnishing of evidence that the Project will have an adequate supply of "chilled" water since the word "chilled" is not found in that section.[11] Defendants also argued that the plaintiff's reliance on Section 4.2(j) of the Amended and Restated Loan Agreement is unavailing since Section 4 only required submission of documents upon the initial execution of the loan agreement and is not a continuing obligation.[12]

All of the defendants' arguments regarding new Claim VI (including those not specifically addressed above) have been considered. Defendants' arguments are unpersuasive. Defendants have not shown that the plaintiff's allegations in the proposed

---

[11] Record document number 99, defendants' opposition memorandum, pp. 8-9. Defendants also argue that providing chilled water does not fall within the scope of "other required public utilities" referred to in Section 8.1(i). *Id.* at 9.

[12] Record document number 99, p. 9.

Amended Verified Complaint are so deficient that Claim VI would not survive a Rule 12(b)(6) motion.

**Defendants' motion**

Defendants' proposed First Supplemental, Amended and Superceding Counterclaim (hereafter, proposed First Amended Counterclaim) mostly modifies and adds allegations relating to the KeyBank's Failure to Release Condominiums for Sale counterclaim (new ¶¶ 24(a), 25(a) - 25(h), modified ¶ 26, new ¶ 28(a), modified ¶ 29 and new ¶ 29(a)) and the Improper Loan Administration counterclaim (new ¶¶ 39(a) - 39(i), 43(a) - 43(i) and modified ¶ 44).[13]

Noting its previously filed Motion to Dismiss Defendants' Counterclaims,[14] the plaintiff argued principally that the Condominium counterclaim, "amended or not, ... is barred by the Release contained in the First Amendment [to the Amended and Restated Construction Loan Agreement]."[15]  Similarly, the plaintiff argued that granting the defendants' motion as to the Improper Loan

---

[13] Defendants' proposed First Amended Counterclaim also sought in ¶¶ 6 and 35 to amend exhibit citations.  Plaintiff does not oppose these amendments.  Record document number 100, plaintiff's opposition memorandum, p. 3, n. 1.

[14] Record document number 76.  The motion was removed from the hearing docket after the defendants filed this motion for leave to amend their counterclaims.  Record document number 89.

[15] Record document number 100, plaintiff's opposition memorandum, p. 4.  Plaintiff's arguments on this counterclaim are detailed at pp. 7-10.

Administration claim would be futile.[16]

As the plaintiff recognized, the defendants' proposed First Amended Counterclaim does not add any new counterclaims.[17] Whether the original condominium and loan administration counterclaims survive the plaintiff's motion to dismiss is not the issue to be decided in ruling on this motion. That will be determined later. For now, it is sufficient to find that the defendants' allegations in the proposed First Amended Counterclaim contain supporting factual details relevant to the defendants' counterclaims.

**Summary**

Accordingly, the Plaintiff's Motion for Leave to Amend Its Verified Complaint is granted, and the defendants' Motion for Leave to File First Supplemental, Amended and Superceding Counterclaim is granted.

Baton Rouge, Louisiana, March 25, 2010.

*/s/ Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[16] *Id.* at 6. Plaintiff's arguments on this counterclaim are detailed at pp. 11-15.

[17] "Defendants now seek leave to amend these same counterclaims to add additional allegations of their view of the facts." Record document number 100, p. 1. "Defendants' Proposed Amendment does not add new counterclaims, but instead seeks to supplement certain allegations with respect to Defendants' Block A Condominium and Loan Administration Claims." *Id.* at 7.