UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

CIVIL ACTION

VERSUS

NO. 09-497-JJB

PERKINS ROWE ASSOCIATES, LLC ET AL.

**RULING ON DEFENDANTS' MOTION TO STRIKE SUPPLEMENTAL DECLARATIONS OR FOR ADEQUATE TIME TO RESPOND**

Defendants, Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa (collectively "Perkins Rowe"), bring this motion to strike or in the alternative for leave to file a response to supplemental declarations included in plaintiff's reply brief in support of its motion for summary judgment. (Doc. 127.) Plaintiff, KeyBank National Association ("KeyBank"), filed an opposition. (Doc. 136.) Additionally, Perkins Rowe concurrently filed a motion for expedited hearing on the above referenced motion. (Doc. 128.) After careful review of the parties' submissions, the Court DENIES Perkins Rowe's motion to strike or file a response (doc. 127) for the reasons discussed herein. Perkins Rowe's motion for an expedited hearing (doc. 128) is therefore MOOT.

**Background**

The factual background of the instant litigation has been well documented in previous rulings. For purposes of this motion, the relevant facts are that KeyBank filed a motion for summary judgment on its right to foreclose on the

1

Perkins Rowe property and to enforce the payment guaranty against Joseph T. Spinosa (doc. 91), and Perkins Rowe filed an opposition (doc. 112). In its reply memorandum (doc. 123), KeyBank included two sworn supplemental declarations from KeyBank employees, Karen Schultz and Jeanmarie Butts. Perkins Rowe argues that these declarations represent new arguments and evidence and that, unless Perkins Rowe is given an opportunity to respond, the declarations should be stricken from the record. KeyBank argues that the supplemental declarations are not new evidence, but merely address issues raised in Perkins Rowe's opposition to summary judgment, and augment the arguments previously made in KeyBank's motion for summary judgment.

## Law and Argument

Perkins Rowe correctly points out that arguments and evidence presented for the first time in a reply brief warrant an opportunity to respond by the non-movant. *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). However, Perkins Rowe's argument that the Schultz and Butts declarations raise new arguments or present new evidence is unpersuasive.

Schultz' declaration addresses the amount of indebtedness under the loan agreement, specifically the proper interest rate to be applied to the principle loan balance. The parties previously raised this issue in their summary judgment moving papers and opposition briefs. The dispute over the proper interest rate is therefore not a new argument such that additional briefing or discovery is needed

on the topic.  *See* Ruling Denying Mot. to Compel Deps. and to Extend Disc. Deadline 4 (doc. 105) (explaining the magistrate judge's finding that Perkins Rowe did not show good cause to extend discovery deadlines regarding the amount due on the loan).  KeyBank asserts that it previously provided Perkins Rowe unfettered access to all of the documents, including LOAN IQ documents that Schultz reviewed to make her calculations, and Perkins Rowe has not argued that it sought this information previously or that it was kept from them. *See id.*  Therefore, no reason exists to strike Schultz's declaration or allow additional time for response.

Similarly, the Butts declaration does not raise new arguments or introduce new evidence, but merely authenticates four documents that shed light on Perkins Rowe's alleged event of default.  KeyBank's allegations surrounding the event of default are not new, and the record reflects that the four documents had been available to Perkins Rowe previously.  Moreover, two of the documents respond directly to Perkins Rowe's attack, raised in its opposition to summary judgment, on the validity of the loan and guaranty agreements.  Therefore, because Butts' declaration contains no new arguments and merely responds to matters that Perkins Rowe raised, the Court finds no need to strike the declaration or allow additional time for response.  *See Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1134 (7th Cir. 1996).

**Conclusion**

Because Perkins Rowe fails to show that the supplemental declarations in KeyBank's reply improperly prejudice Perkins Rowe, its motion to strike the declarations or alternatively for additional time to respond to them (doc. 127) is hereby DENIED. Perkins Rowe's motion for expedited hearing (doc. 128) is, therefore, MOOT.

Signed in Baton Rouge, Louisiana, on May 12, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**