UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC, ET AL.

CIVIL ACTION

NO. 09-497-JJB

## RULING ON MOTION TO FILE INTERVENTION

This matter is before the Court on Perkins & Bluebonnet, LLC's ("P&B"), initial and amended motions to intervene (docs. 129 & 131) in the above referenced action. Defendants, Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa (collectively "Perkins Rowe") filed a response stating that they do not oppose intervention. (Doc. 140.) Plaintiff, KeyBank National Association ("KeyBank"), filed an opposition. (Doc. 141.) P&B filed a reply. (Doc. 146.) After careful review of the parties' submissions, the Court DENIES P&B's amended motion to intervene (doc. 131) for the reasons discussed herein. Because this ruling addresses the amended motion, P&B's first motion for leave to file intervention (doc. 129) is MOOT.

### Background

The factual background of the instant litigation has been well documented in previous rulings. For purposes of this motion, the relevant facts are that Joseph T. Spinosa, on behalf of himself as guarantor, and on behalf of the other

1

Perkins Rowe investment entities, including Perkins Rowe Associates, LLC ("Perkins Rowe I"), as manager, executed a loan agreement with KeyBank to fund development of the Perkins Rowe property in Baton Rouge, Louisiana.[1] Perkins Rowe I's Articles of Organization and Operating Agreements establish Spinosa as manager of Perkins Rowe I. Perkins Rowe I is comprised as follows: P&B owns an undivided fifty percent interest in Perkins Rowe I; Spinosa and The Spinosa Class Trust LLC, own the remaining fifty percent interest. In addition to the loan agreement, Spinosa signed a mortgage and a promissory note in KeyBank's favor for the full loan amount. KeyBank then executed assignments secured by promissory notes signed by Spinosa to eight other lenders for the full value of the loan. After Perkins Rowe failed to make payment on the loan, KeyBank filed suit to collect on the notes, to foreclose on the mortgage, and to enforce the guaranty. P&B now moves to intervene, challenging both Spinosa's authority to bind Perkins Rowe I to the terms of the loan agreement and this Court's jurisdiction to hear the case.

## Law and Argument

### Subject Matter Jurisdiction

As an initial matter, P&B challenges this Court's jurisdiction on the grounds that Bank of New Orleans, one of the holders of the substituted promissory

---

[1] The exact amount owed under the loan is disputed; however, the parties do not dispute that the initial loan documents set the principal and interest above $160 million. As stated above, the other investment entities are Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa. All are named defendants in this lawsuit.

notes, is a non-diverse indispensible party. The Court addressed this issue previously in the November 20, 2009, ruling denying Perkins Rowe's motion to dismiss (doc. 53), and declines to revisit the issue here.

Furthermore, and not incidentally, the Court notes that P&B's attempt to intervene raises a host of potential jurisdictional conflicts surrounding complete diversity. Specifically, P&B's status as a limited liability company domiciled in the State of Louisiana calls into question its ability to intervene without fatally impacting complete diversity because P&B names Joseph T. Spinosa, a Louisiana citizen, as a co-defendant. This issue has not been briefed, and ultimately need not be briefed, because independent and conclusive grounds exist to deny intervention based on Rule 24's strictures.

P&B's Motion to Intervene

Rule 24 governs motions to intervene. Fed. R. Civ. P. 24. Intervention can be either mandatory or permissive. *Id.* Regarding mandatory intervention, on timely motion, the Court must grant a party leave to intervene when that party "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

P&B argues that its fifty percent stake in Perkins Rowe I gives it standing to intervene as a matter of right. P&B avers that it did not know about the loan

agreement secured by the Perkins Rowe property or about the current foreclosure litigation. Throughout its reply brief, P&B asserts that without its knowledge, "its property" became collateral for the debts incurred under the loan agreement.[2] Accepting as true P&B's assertions that it lacked knowledge, the Court nevertheless finds that P&B's claim of a property right is misguided. The documents establishing Perkins Rowe I expressly state that "[a]ll property owned by the Company [i.e., Perkins Rowe I] shall be owned by the Company as an entity and, insofar as permitted by applicable law, no Member shall have any ownership interest in any Company property in its individual name or right."[3] The plain language of this section divests P&B of any ownership stake in the Perkins Rowe property owned by Perkins Rowe I. Therefore, P&B has no interest relating to the property that is the subject of the underlying action sufficient to trigger intervention under Rule 24 as a matter of right.

Regarding permissive intervention, Rule 24(b) allows intervention when "a common question of law or fact" exists. P&B argues that the question of whether KeyBank has a valid mortgage upon which to foreclose adequately meets Rule 24's common question of law or fact test. However, P&B's attempt to recast the underlying litigation in terms of an action on an invalid mortgage belies the substance of all the submissions previously filed in this case. P&B's claim against both KeyBank and Spinosa amounts to a challenge on Spinosa's

---

[2] P&B's Reply to KeyBank's Opp'n to P&B's Mot. for Leave to File Intervention 3-4 (doc. 146-1).
[3] *See* Articles of Organization of Perkins Row Associates, L.L.C. art.VI (doc. 141-1).

authority to enter into the loan agreement and mortgage on behalf of Perkins Rowe I. Thus, P&B's attack rests on an allegation that Spinosa exceeded the scope of his authority as determined by the Perkins Rowe I organizing documents. This inquiry turns on decidedly different questions of law and fact than the underlying litigation. In the underlying litigation Perkins Rowe alleges numerous bases for non-performance under the loan agreement, none of which challenge either Spinosa's authority to enter the loan agreement or the validity of the agreement itself. Therefore, because the motion to intervene and underlying litigation involve different questions of law and fact, the Court declines to allow permissive intervention.

Finally, the Court notes that deficiencies surrounding the timeliness of P&B's motion also militate against intervention. Motions to intervene, both mandatory and permissive, must be made timely. Fed. R. Civ. P. 24. Four factors inform the timeliness analysis: (1) the length of time during which P&B actually knew or reasonably should have known of its interest in the case before moving to intervene; (2) prejudice to the existing parties if granted; (3) prejudice to P&B if denied; and (4) any unusual circumstances. *Engra, Inc. v. Gabel*, 958 F.2d 643, 644-45 (5th Cir. 1992). Here, P&B moved to intervene nine months after KeyBank filed the underlying action. Although not dispositive, the Court finds that this length of time weighs against intervention. In explaining the delay, P&B alleges that it did not become aware of this litigation until recently. Without

addressing the credibility of this statement, even though evidence exists in the record to do so, the Court notes that substantial discovery has taken place and the parties have already filed and briefed dispositive motions on the merits.  This advancement beyond the initial stages evidences a significant prejudice to the existing parties, particularly KeyBank, whose orderly progression through the litigation would be hampered by intervention.  Moreover, P&B would not suffer undue prejudice upon denial because Perkins Rowe already represents their interests in opposing foreclosure.  Finally, the only unusual circumstances surrounding the timing of this intervention involve why P&B members did not know either about the loan or the pending foreclosure action in light of their admittedly close relationship with Spinosa.[4]  Thus the final factor weighs against intervention.  Therefore, on balance, the factors support finding that P&B's motion is untimely.

---

[4] *See* Stephanie Riegel, *Schwegmann says Perkins Rowe Suit Not Intended to be Adversarial* (Apr. 28, 2010), http://www.businessreport.com/news/2010/apr/28/schwegmann-says-perkins-rowe-suit-not-intended-be-/ (quoting John Schwegmann, P&B principal, "[w]e have and we want to continue to have the excellent rapport that we have with Mr. Spinosa, and we are in regular conversation with him." (Doc. 141-3 ex. B.)

## Conclusion

Because P&B fails to show that mandatory or permissive intervention is proper, and because its motion is untimely, the Court DENIES P&B's amended motion to intervene (doc. 131). Because this ruling addresses the amended motion, P&B's first motion for leave to file intervention (doc. 129) is MOOT.

Signed in Baton Rouge, Louisiana, on May 18, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**