UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

CIVIL ACTION

VERSUS

NO. 09-497-JJB-SCR

PERKINS ROWE ASSOCIATES, LLC, ET AL.

## RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on plaintiff's, KeyBank National Association ("KeyBank"), motion for summary judgment on its right to foreclose and to enforce the payment guaranty. (Doc. 91.) Defendants, Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa (collectively "Perkins Rowe") filed an opposition. (Doc. 112.) KeyBank filed a reply. (Doc. 123.) This Court has jurisdiction pursuant to 28 U.S.C. § 1332. After careful review of the parties' submissions, the Court DENIES KeyBank's motion (doc. 91) for the reasons discussed herein.

## Background

For purposes of this motion, the relevant facts are that KeyBank entered into a loan agreement with Perkins Rowe, in July 2006.[1] In addition to the loan agreement, Perkins Rowe signed a mortgage and a promissory note in

---

[1] *See* Am. and Restated Construction Loan Agreement 1 (doc. 2-7 ex. O) (stating that the loan is "in the amount of up to one hundred seventy million dollars").

KeyBank's favor for the full loan amount.[2]   Individual defendant, Joseph T. Spinosa, also executed a guaranty of payment on the loan.[3]   KeyBank then executed assignments secured by promissory notes signed by Spinosa to eight other lenders for the full value of the loan.[4]   On June 30, 2008, the parties executed an amendment to the construction loan agreement, modifying certain terms and adding others.[5]   After Perkins Rowe failed to make payment on the loan, KeyBank filed suit to collect on the notes, to foreclose on the mortgage, and to enforce the guaranty.   KeyBank now moves for summary judgment on that claim.   In response, Perkins Rowe has asserted several counterclaims alleging that KeyBank substantially breached the loan agreement, thus excusing Perkins Rowe's non-performance.

## Summary Judgment

Summary judgment is appropriate when the pleadings, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).   Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, plaintiff may not merely rest on allegations set forth in its pleadings.   Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence

---

[2] *See* Am., Restated and Consolidated Promissory Note (doc. 93-1 ex. D).
[3] *See* Payment Guaranty (doc. 93-4 ex. J).
[4] *See* Promissory Notes (doc. 93-5 ex. M).
[5] *See* First Amendment to Am. and Restated Construction Loan Agreement (doc. 93-1 ex. C).

of specific facts.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).  Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden.  *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996).  If, once plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted.  *See Celotex*, 477 U.S. at 322; *see also* Fed. R. Civ. P. 56(c).

## Law and Argument

As an initial matter, the Court must first decide between two competing frameworks presented by the parties.  KeyBank argues that this is a simple claim on a note.  KeyBank argues that it undisputedly lent Perkins Rowe approximately $160 million and that the authenticity of the loan documents is unchallenged; therefore, payment is Perkins Rowe's only defense.  KeyBank argues that Perkins Rowe's counterclaims are mere unliquidated damage claims that by law cannot operate as defenses to liability on the underlying note.  Consequently, KeyBank argues that Perkins Rowe's failure to repay the loan upon maturity entitles KeyBank to foreclose on the Note and to a judgment on the personal guaranty.

Perkins Rowe counters that KeyBank erroneously narrows the range of defenses to payment on the note.  Perkins Rowe argues that its counterclaims function as defenses to liability under the loan agreement and that sufficient

3

issues of fact exist regarding these defenses to defeat summary judgment.  For the following reasons, the Court agrees with Perkins Rowe.

A brief return to the underlying facts is instructive.  On July 21, 2006, KeyBank and Perkins Rowe signed the Amended, Restated and Consolidated Promissory Note ("the Note").[6]  KeyBank brings this action to foreclose on the Note.  The Note states, in relevant part,

> This Note is issued by [Perkins Rowe][7] pursuant to that certain Construction Loan Agreement of even date herewith (together with any and all extensions, modifications, amendments, replacements and renewals thereof, the "**Loan Agreement"**) entered into by and among [Perkins Rowe], KeyBank . . . and [the other lending institutions].  This Note evidences a portion of the Loan (as defined in the Loan Agreement).  Payment of this Note is governed by the terms of the Loan Agreement."[8]

This language indicates that the instant litigation is not merely a suit on a note.  Rather, the Note is part of a complex funding agreement memorialized in and governed by the Loan Agreement.  Consequently, the Notes and the Loan Agreement cannot be cleanly separated as KeyBank argues.

The Louisiana Second Circuit Court of Appeal in *Ouachita National Bank in Monroe v. Gulf States Land & Development, Inc.* provides guidance in a similar case.  579 So. 2d 1115 (La. App. 2 Cir. 5/8/91).  In *Ouachita National Bank*, plaintiff bank sued defendant developers on a series of promissory notes

---

[6] Doc. 93-1 ex. D.

[7] Co-defendant Perkins Rowe Block A is not party to the original note, but is a party to a subsequent agreement governing the relationship between KeyBank and the other Perkins Rowe defendants, the First Amendment to the Amended and Restated Construction Loan Agreement.

[8] Amended, Restated and Consolidated Promissory Note 1 (doc. 93-1 ex. D) (emphasis in original).

underlying loans made in furtherance of a real estate project. *Id.* at 1117. Defendants acknowledged signing the notes, but alleged that their non-performance under the notes was excused because plaintiff breached an overall agreement between the parties. *Id.* The court found that the alleged breach of the larger agreement may be a defense because the larger agreement was "decidedly not unrelated to the notes." *Id.* at 1122 (distinguishing *American Bank v. Saxena*, 553 So. 2d 836 (La. 1989), a case that KeyBank relies on here, by emphasizing the difference between a case where the notes were the only contracts between the parties, like *Saxena*, and a case where the notes were closely related to the larger agreement, like in *Ouachita National Bank*). The *Ouachita National Bank* court concluded that because the record contained disputed factual issues surrounding plaintiff's alleged breaches of the overall agreement and whether those breaches were substantial enough to excuse defendants' non-performance, summary judgment on the notes was not proper. *Id.* at 1122-23. Such is the case here, as well.

KeyBank's attempt to distinguish *Oauchita National Bank* by characterizing the dispute in that case as one solely of whether liability existed under the notes is unpersuasive. True, the *Ouachita National Bank* defendants did argue that subsequent agreements might have barred enforcement of the notes; however, the defendants also argued that, even if the notes were valid, the plaintiff breached their underlying agreement by failing to fund the development project

5

adequately. *Id.* at 1119-20. The court expressly noted that the defendants' focus, through briefs and supplemental affidavits, on the breach of contract defense weighed heavily against summary judgment. *Id.* at 1123. The facts here are sufficiently similar to warrant a like conclusion. As in *Ouachita National Bank*, Perkins Rowe argues that the Loan Agreement and the Note are so related that breach of the former is a defense to enforcement of the latter. Given the Note's express incorporation of the Loan Agreement's terms, the Court agrees. Because enforcement of the note depends on satisfaction of the Loan Agreement's terms, the Court must therefore consider whether Perkins Rowe alleges factual disputes amounting to substantial breach of the Loan Agreement. If such disputes exist, then summary judgment is improper.

"When one party to a contract substantially breaches it the other party has a defense and an excuse for non-performance." *Id.* at 1121 (citing La. Civ. Code art. 2013). Perkins Rowe alleges several breaches of their Loan Agreement and argues that these breaches were not minor or inconsequential, but substantial. Perkins Rowe raises these breaches as counterclaims; however, because the counterclaims function as defenses, the Court treats them as such.[9] *See* Fed. R. Civ. P. 8(c)(2) ("[i]f a party mistakenly designates a defense as a counterclaim . . . the court must, if justice requires, treat the pleading as though it were correctly

---

[9] KeyBank's motion to dismiss Perkins Rowe's counterclaims (doc. 114) is still pending. To the extent the Court addresses the validity of certain counterclaims in this ruling, the analysis is confined to the context of defenses to summary judgment. The Court will address the validity of all Perkins Rowe's counterclaims in the forthcoming ruling on KeyBank's motion to dismiss.

designated").  Specifically, Perkins Rowe alleges the following breaches of the Loan Agreement:  wrongful obstruction and delay of Block A condominium sales, improper release of the Picardy Connector, and various wrongdoing surrounding loan administration, such as withholding of funds from the project escrow account and improper action by KeyBank's attorneys.  Without addressing all of these alleged defenses, the Court finds that those discussed below raise sufficient disputed issues surrounding substantial breach of the Loan Agreement to survive summary judgment.

Perkins Rowe argues that KeyBank breached the Loan Agreement regarding the Picardy Connector.  The Loan Agreement requires that KeyBank release a certain portion of the Perkins Rowe property to the City of Baton Rouge to facilitate development of the Picardy Connector, a proposed road providing another access point to the Perkins Rowe property.[10]  Perkins Rowe argues that KeyBank breached that agreement by imposing additional restrictions not contained in the Loan Agreement.[11]  Perkins Rowe further argues that these restrictions caused the failure of the Picardy Connector exchange and thus contributed to Perkins Rowe's inability to make payments on the loan.  KeyBank counters that it satisfied its obligation under paragraph 10 of the first amendment to the Loan Agreement ("First Amendment") by executing a release on the relevant portion of the Perkins Rowe property.  KeyBank also argues that even if

---

[10] *See* First Amendment to Am. and Restated Construction Loan Agreement ¶ 10 (doc. 93-1 ex. C).
[11] *See* Aff. of Joseph T. Spinosa ¶ 33.

its actions constituted breach, which it denies, Perkins Rowe failed to give sufficient notice of that breach under the Loan Agreement's terms.

Taking all inferences in favor of Perkins Rowe, the Court finds that a genuine issue of fact exists concerning whether the subsequent restrictions breached the Loan Agreement by exceeding the requirements placed on Perkins Rowe in paragraph 10.  Furthermore, Perkins Rowe alleges sufficient instances of notice to get this issue to the trier of fact.[12]

Perkins Rowe additionally argues that KeyBank breached the Loan Agreement in its handling of loan administration.  Specifically, Perkins Rowe alleges that KeyBank breached Loan Agreement section 12.3[13] and First Amendment paragraph 6[14] by improperly withholding disbursement of funds and by improperly withdrawing loan interest payments from the project escrow account.  KeyBank argues that its actions comport with authorized activity under the above contractual provisions and argues, as it did above, that Perkins Rowe did not meet its notice obligations.  The parties' arguments reveal differences regarding interpretation of what constitutes project cost and whether KeyBank's document requests were reasonable under the Loan Agreement terms.  The court finds that these issues are inherently factual and thus inappropriate for disposition on summary judgment.  Furthermore, as previously stated, Perkins

---

[12] *See* Perkins Rowe's Opp'n to KeyBank's Mot. to Dismiss Countercl. 13-14 (doc. 134).

[13] *See* Am. and Restated Construction Loan Agreement section 12.3 (docs. 2-7 at 33, 2-8 at 34) (establishing conditions for disbursing funds).

[14] *See* First Amendment to Am. and Restated Construction Loan Agreement ¶ 6 (doc. 93-1 ex. C) (establishing conditions for interest payment on the loan).

Rowe alleges sufficient factual disputes concerning notice to survive summary judgment.

Viewed alongside the Picardy Connector allegations, Perkins Rowe's breach claims regarding disbursal of loan funds and allocation of funds for interest payments create a triable issue of fact regarding whether or not KeyBank substantially breached the Loan Agreement.  Because substantial breach of the Loan Agreement would excuse Perkins Rowe's non-performance, the Court finds that disposition of this matter on summary judgment is not proper.

## Conclusion

The Court finds that the Note expressly incorporates the Loan Agreement, and, consequently, Perkins Rowe is entitled to raise contract defenses to excuse non-performance.  Because Perkins Rowe alleges genuine issues of material fact regarding substantial breach of the Loan Agreement, the Court DENIES KeyBank's motion for summary judgment on its right to foreclose and to enforce the payment guaranty (doc. 91).

Signed in Baton Rouge, Louisiana, on  May 26, 2010.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**