UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

CIVIL ACTION

VERSUS

NUMBER 09-497-JJB-SCR

PERKINS ROWE ASSOCIATES, LLC,
ET AL

consolidated with

KEYBANK NATIONAL ASSOCIATION

CIVIL ACTION

VERSUS

NUMBER 10-552-JJB-SCR

THORNCO, L.L.C.

## SUPPLEMENTAL RULING ON MOTION TO SET HEARING

Before the court is Motion to Set Hearing on Defendants' Motion to Dismiss KeyBank National Assn.'s Affirmative Defense of Fraud Pursuant to Fed.R.Civ.P. 9(b) in Coordination With or Prior to the Hearing on KeyBank National Assn.'s Expedited Motion to Compel Discovery, Extend Discovery Deadlines and for Sanctions. Record document number 206.

In their motion defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph Spinosa (hereafter, collectively "defendants" or "Perkins Rowe") asked the court to delay ruling on KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions[1] until after the ruling on

---

[1] Record document number 186.

the defendants' Motion to Dismiss KeyBank National Assn.'s Affirmative Defense of Fraud Pursuant to Fed.R.Civ.P. 9(b),[2] or at least to rule on the two motions together.  In the Order issued October 21, 2010, the district judge determined that the defendants' motion to dismiss will be submitted pursuant to the briefing schedule previously issued and directed the parties to submit any requests relative to the timing of discovery to the magistrate judge.[3]

Thereafter, in letters to the undersigned dated October 22 and 26, 2010, respectively, counsel for Perkins Rowe and for KeyBank expressed their views regarding the timing of the ruling on the plaintiff's motion to compel.

Consideration of the defendants' motion to dismiss,[4] plaintiff's motion to compel and the defendants' opposition, and the views expressed in the letters from counsel to the parties does not support delaying ruling on the plaintiff's motion to compel. First, even if the defendants obtain a favorable ruling on their motion to dismiss, it is likely that the court would give the plaintiff an opportunity to re-plead its fraud defense – and it is just as likely that the defendants would move to dismiss it again.

---

[2] Record document number 205.

[3] Record document number 211.

[4] Plaintiff has not yet filed its opposition to the defendants' motion to dismiss, but the time for it to do so does not expire until November 8, 2010.  Record document number 207.

This sequence of events would add an additional delay of at least three to four months before the court determines whether the plaintiff's fraud defense is sufficiently pled.  Second, even if the defendants ultimately are successful in striking the plaintiff's fraud defense, that does not mean the discovery the plaintiffs seek is not relevant to other aspects of the case.

This case began as a suit on a promissory note and to foreclose on a mortgage.  But by its defenses and counterclaims Perkins Rowe has expanded the litigation to the point where the defendants' management, both actual and fiscal, of virtually the entire project is now relevant to some party's claims or defenses.

Accordingly, insofar as the defendants sought to delay the ruling on the plaintiff's motion to compel or to have the motion to compel decided at the same time as the defendants' motion to dismiss, the defendants' Motion to Set Hearing on Defendants' Motion to Dismiss KeyBank National Assn.'s Affirmative Defense of Fraud Pursuant to Fed.R.Civ.P. 9(b) in Coordination With or Prior to the Hearing on KeyBank National Assn.'s Expedited Motion to Compel Discovery, Extend Discovery Deadlines and for Sanctions is denied.

Baton Rouge, Louisiana, October 27, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

3