UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION
                                        CIVIL ACTION
VERSUS
                                        NUMBER 09-497-JJB-SCR
PERKINS ROWE ASSOCIATES, LLC,
ET AL

consolidated with

KEYBANK NATIONAL ASSOCIATION
                                        CIVIL ACTION
VERSUS
                                        NUMBER 10-552-JJB-SCR
THORNCO, L.L.C.

**PARTIAL RULING ON MOTION TO COMPEL DISCOVERY
AND TO EXTEND DEADLINES**

Before the court is plaintiff KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions. Record document number 186. The motion is opposed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively as "Perkins Rowe defendants").[1] This partial ruling addresses the plaintiff's request to extend the scheduling order deadlines. A supplemental ruling will be issued addressing the remaining aspects of this motion.

What started out as a suit for collection of a promissory note

---

[1] Record document number 195. Plaintiff filed a reply. Record document number 199.

and foreclosure on a mortgage has become much more.  As a defense to plaintiff KeyBank's efforts to collect on the note and foreclose on the security, and as part of their counterclaims, the Perkins Rowe defendants alleged that plaintiff KeyBank breached the Loan Agreement, delayed funding after receipt of draw requests, and thereby caused the Perkins Rowe defendants to be unable to meet certain obligations, including not paying some of the vendors. Plaintiff KeyBank asserted as an affirmative defense that the Perkins Rowe defendants misled or defrauded it in connection with the draw requests.[2]  As a consequence of their defenses and counterclaims, the Perkins Rowe defendants' management of virtually the entire Perkins Rowe project is now relevant to some party's claims or defenses.

Plaintiff served several sets of discovery requests on the Perkins Rowe defendants.  But discovery on issues other than the value of the Property was stayed until a ruling on plaintiff's dispositive motions.[3]  KeyBank's Motion for Summary Judgment on Its Right to Foreclose and to Enforce the Personal Guarantee[4] was

---

[2] Plaintiff KeyBank's fraud defense is the subject of the Perkins Rowe defendants' Motion to Dismiss KeyBank National Assn.'s Affirmative Defense of Fraud Pursuant to Fed.R.Civ.P. 9(b). Record document number 205.

[3] Record document number 122, p. 6-7.

[4] Record document number 91.

decided on May 26, 2010.[5]  KeyBank National Association's Renewed Motion to Dismiss Defendants' Counterclaims[6] was decided June 16, 2010.[7]  Therefore, the Perkins Rowe defendants' discovery responses and supplemental discovery responses (if any) were due no later than July 16, 2010.  Counsel for the Perkins Rowe defendants informed counsel for plaintiff KeyBank that the defendants' would be updating their earlier discovery responses and making written responses and supplemental objections, where appropriate, by August 13.  That did not happen.  Plaintiff KeyBank served a sixth set of requests for production of documents on July 7 and a fifth set of interrogatories on July 14.  The Perkins Rowe defendants did not timely object or serve answers or produce responsive documents.  On August 16 the Perkins Rowe defendants served supplemental objections and responses to plaintiff KeyBank's First and Second Sets of Requests for Production of documents and, objections and responses to the Third, Fourth, Fifth and Sixth Sets of Requests for Production.  The next day, the Perkins Rowe defendants served their objections and responses to the Third, Fourth and Fifth Sets of Interrogatories.  The sufficiency of these objections, supplemental objections, responses and supplemental responses are the subject of this motion to compel.

Additionally, since this motion was filed the parties have

---

[5] Record document number 156.

[6] Record document number 114.

[7] Record document number 161.

3

brought other discovery disputes to the court for resolution. These are the Defendants' Motion to Quash Subpoenas Duces Tecum to BankcorpSouth Bank,[8] a Joint Motion to Quash Subpoenas Duces Tecum to Central Facilities Operating Company, LLC and Echelon Construction, LLC,[9] Central Facilities, L.L.C.'s Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban,[10] a Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban filed by the Perkins Rowe defendants,[11] a Motion to Compel KeyBank National Assn.'s Compliance With Subpoena to Amegy Bank and People's United Financial, Inc. (People's United Bank) filed by the Perkins Rowe defendants,[12] and KeyBank National Association's Motion to Compel Discovery From Central Facilities, L.L.C.[13]

Given these pending motions, and the prospect of the parties conducting additional discovery which may be required or allowed by the rulings on these motions, the need to extend the scheduling order deadlines is apparent.[14]  Plaintiff KeyBank has shown good

---

[8] Record document number 203.

[9] Record document number 204.

[10] Record document number 212.

[11] Record document number 215.

[12] Record document number 222.

[13] Record document number 226.

[14] Ruling on two of these motions, Defendants' Motion to Quash Subpoenas Duces Tecum to BankcorpSouth Bank, and the Joint Motion to Quash Subpoenas Duces Tecum to Central Facilities Operating Company, LLC and Echelon Construction, LLC, are issued
(continued...)

cause to extend the scheduling order deadlines, as required by Rule 16, Fed.R.Civ.P.

Plaintiff KeyBank originally requested modest extensions of the deadlines and the Perkins Rowe defendants suggested somewhat longer extensions. However, in it's reply memorandum plaintiff KeyBank asked that the parties be allowed two months after the production of documents to take depositions and that expert reports be submitted three weeks after the close of fact discovery.[15]

Considering the pending discovery motions, as well as the prospect of some additional delay if any party seeks review of the ruling on a motion, and the time needed to comply with any ruling which requires or allows additional discovery, plaintiff KeyBank's suggestion is more workable than fixing specific deadlines at this time.

Accordingly, KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions is granted in part. The current scheduling order deadlines will be vacated. New, specific deadlines will be fixed after the court rules on the pending discovery motions.

Baton Rouge, Louisiana, November 10, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[14](...continued)
contemporaneously with this ruling.

[15] Record document number 210, reply memorandum, p. 20.