UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTION TO QUASH BANCORPSOUTH SUBPOENAS**

Before the court is the Defendants' Motion to Quash Subpoenas Duces Tecum to BankcorpSouth Bank.  Record document number 203. The motion is opposed by plaintiff KeyBank National Association.[1]

Defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively as "Perkins Rowe defendants") moved to quash subpoenas issued by the plaintiff to BankcorpSouth Bank.  In their motion the Perkins Rowe defendants moved to quash the subpoenas on four grounds: (1) the subpoenas are untimely; (2) the subpoenas seek production of confidential financial information pertaining to the Perkins Rowe defendants and non-parties Echelon Construction Services, LLC and JTS Realty

---

[1] Record document number 224.

Services, LLC; (3) under Louisiana law, specifically LSA-R.S. 6:333, the information sought is confidential and the plaintiff has not made a showing of relevance and good cause for production of it; (4) plaintiff's subpoenas cannot avoid compliance with R.S. 6:333; (5) the plaintiff has not shown relevance and good cause for production of any bank records, and especially for the records of Echelon Construction and JTS Realty; and (6) counsel for the Perkins Rowe defendants attempted to resolve this dispute without success, making this motion necessary.  However, in their supporting memorandum only two of these grounds were argued: (1) the subpoenas to BankcorpSouth were untimely, and a combination of grounds (3) and (4).  Therefore, only these grounds will be addressed.  BankcorpSouth did not move to quash these subpoenas.[2]

Essentially for the reasons argued by plaintiff KeyBank in its opposition memorandum, some of which are summarized below, the motion is denied.[3]

First, the Perkins Rowe defendants complained that the plaintiff's subpoenas were not served before the September 16, 2010

---

[2] Nor did non-parties Echelon Construction and JTS Realty object to the subpoena insofar as it sought production of their bank records.

[3] It is not necessary to repeat the details of the plaintiff's arguments in this ruling.  Although the motion refers to two subpoenas, the plaintiff recalled the first one.  The subpoena still at issue is the one issued September 23, 2010.  Record document number 203-3, exhibit B.  Therefore, this ruling refers only to that subpoena.

2

deadline to complete fact discovery.[4]  This is correct.  However, for the reasons stated in the Partial Ruling on Motion to Compel Discovery and Extend Deadlines previously issued, fact discovery completion deadline was extended.[5]  There is now no good reason to quash the BankcorpSouth subpoena just because it was issued after the September 16 deadline.  Doing so would likely result in the parties going through the same motion practice again.

Second, the plaintiff properly served defendant Spinosa with the BankcorpSouth subpoena as required by R.S. 6:333(C)(2).  The bank records sought are those of limited liability companies (hereafter, the "LLCs") and defendant Spinosa.  While subsection (C)(2)(a) of the statute calls for personal service, subsection (D) provides, in relevant part, as follows;

> Service of a disclosure demand ... on any customer shall be made by utilizing any applicable method of service of citation on said customer authorized by the Louisiana Code of Civil Procedure, including Articles 1231 through 1265. ... Service on any customer's counsel of record shall be made by personal service in the office of such counsel of record on either his secretary ... or any partner or office associate of such counsel of record.

Defendant Spinosa was served through his counsel of record, as authorized by Article 1235. This service was sufficient as to

---

[4] See record document number 162, Modified Amended Scheduling Order, item A.2.  Before the deadline to complete fact discovery expired plaintiff filed KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions.  Record document number 186.

[5] Record document number 227.

defendant Spinosa individually.

The LLCs could not be served through defendant Spinosa, their agent for service. Plaintiff has shown that defendant Spinosa, as the LLCs' agent for service of process, cannot be served despite reasonable effort. Pursuant to La.C.Civ.P article 1267, plaintiff KeyBank had to resort to service on the Louisiana Secretary of State because defendant Spinosa could not be served. Although subsection D refers specifically to Articles 1231 through 1265 as authorized methods of service, the subsection is not limited to only the methods of service described in those articles. Use of the word "including" in subsection D means that other methods for service authorized by the Louisiana Code of Civil Procedure may also be used. Therefore, service of the LLCs through the Louisiana Secretary of State satisfied the statute. Plaintiff KeyBank complied with the requirements of R.S. 6:333.

Because plaintiff KeyBank complied with the requirements of R.S. 6:333, the Perkins Rowe defendants have no grounds to quash the BankcorpSouth subpoena unless they assert a privilege, or some specific personal right which would bar production of their financial records.[6] They have not asserted any privilege or right

---

[6] "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435 (footnote omitted). See also, *id.* at § 2463.1, pp. 487-88 (same).

which would prevent production of their financial records by BankcorpSouth.[7]  By its terms, the statute does not create a privilege which bars the financial records from discovery if they are relevant evidence or are otherwise discoverable in a particular case.[8]  Rather, the statute only provides for specific procedures

---

[7] The U.S. Supreme Court in *U.S. v. Miller*, 425 U.S. 435, 96 S.Ct. 1619 (1976), addressed whether there is an expectation of privacy in the records kept by a bank.  In determining that the trial court had correctly denied the defendant's motion to suppress the Court concluded that there was "no legitimate 'expectation of privacy'" in the contents of original checks and deposit slips "[b]ecause the checks are not confidential communications but negotiable instruments to be used in commercial transactions," and "financial statements and deposit slips, contain only information voluntarily conveyed to the banks and exposed to their employees in the ordinary course of business."  *Miller*, 425 U.S. at 442, 96 S.Ct. at 1624.  *Miller* was abrogated in part in 1978 by the Right to Financial Privacy Act, 12 U.S.C. § 3401, et seq., which limits a government authority's ability to acquire personal financial information from banks and similar financial institutions.  The Act did not provide similar limitations and protections when records are sought in the context of a civil action.
   Notwithstanding *Miller*, some federal courts differ on whether a person has a privilege in or a right to bank records held by his bank and whether this right is sufficient to provide standing to challenge a subpoena issued to the bank. *See Robertson v. Cartinhour*, 2010 WL 716221, at *2 (D.Md. 2/23/2010)(citing cases which hold that there is standing and cases which hold that there is no standing).  The Perkins Rowe defendants did not cite a case decided by the Fifth Circuit Court of Appeals, or any federal court in Louisiana, holding that a bank customer in a civil action generally has standing to challenge a subpoena issued to his bank.

[8] Nor does the statute contain or express a legislative finding that bank records are confidential.  The cases relied upon the Perkins Rowe defendants, *Burford v. First Nat. Bank in Mansfield*, 557 So.2d 1147 (La.App. 2 Cir.1990) and *Ouachita Nat. Bank in Monroe v. Palowsky*, 554 So.2d 108 (La.App. 2 Cir.1989), are not binding and are unpersuasive.  Although the court in *Burford* found that "these statutes [R.S. 6:333 and 9:3571] create a duty of confidentiality in favor of their customers," it did not
(continued...)

to be followed before a customer's financial records may be produced by a bank.

In this case, the Perkins Rowe defendants' financial records are relevant and discoverable.  Plaintiff KeyBank has adequately explained how the requested documents are relevant in this case - to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegation, i.e. that defendant Spinosa is the alter ego of Central Facilities.[9]

To the extent that the subpoenas require production of confidential or proprietary information,[10] the protective order previously issued affords the Perkins Rowe defendants, Echelon Construction and JTS Realty sufficient protection from public

---

[8](...continued)
hold that the customer's records are confidential.  *Id.* at 1151.  Rather, the decision stands for the proposition that when a bank discloses customer financial information improperly it can be liable in damages for the harm created.  *Ouachita Nat. Bank* stands, at most, for the proposition that a bank customer's records must be relevant to the  claims in the litigation.  Plaintiff KeyBank has shown that the records sought from BankcorpSouth are discoverable under Rule 26, Fed.R.Civ.P.

[9] See record document number 166, Ruling on Motion to Dismiss, p. 7.  See also Wright & Miller, Federal Practice and Procedure, Civil 3d  § 2459, pp. 441-42 ("[Discovery] extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action.  This discovery relevance standard has been applied to subpoenas in many cases." (footnote omitted)).

[10] *Miller, supra* indicates that most of the documents sought are not confidential.

disclosure.[11]

Accordingly, the Defendants' Motion to Quash Subpoenas Duces Tecum to BankcorpSouth Bank is denied.

Baton Rouge, Louisiana, November 12, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[11] Record document number 69, Protective Order.  The Protective Order applies to confidential information produced by both parties and non-parties.