UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTION TO QUASH
CENTRAL FACILITIES OPERATING AND ECHELON SUBPOENAS**

Before the court is the Joint Motion to Quash Subpoenas Duces Tecum to Central Facilities Operating Company, LLC and Echelon Construction, LLC. Record document number 204. The motion is opposed by plaintiff KeyBank National Association.[1]

Defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively as "Perkins Rowe defendants") and defendant Central Facilities, LLC moved to quash subpoenas issued by the plaintiff to Central Facilities Operating Company, LLC (hereafter, "CF Operating") and Echelon Construction, LLC. Perkins Rowe defendants and defendant Central Facilities moved to quash the subpoenas on four grounds: (1) the subpoenas are

---

[1] Record document number 223.

untimely; (2) the subpoenas seek production of confidential business and financial information pertaining to CF Operating and Echelon; (3) plaintiff has not shown that the information sought is relevant; and (4) the subpoenas do not allow sufficient time to respond.  Neither CF Operating nor Echelon Construction objected to the subpoenas or moved to quash them.

Essentially for the reasons argued by plaintiff KeyBank in its opposition memorandum, some of which are summarized below, the motion is denied.[2]

First, neither CF Operating nor Echelon Construction timely moved to quash the subpoena issued to it.  The moving defendants cannot complain on their behalf about the delay in being served with the subpoenas.[3]  CF Operating and Echelon Construction have appointed an agent for service of process, defendant Spinosa, who cannot be served despite reasonable efforts.  Plaintiff KeyBank had to resort to service on the Louisiana Secretary of State because defendant Spinosa could not be served.  Absent some reasonable explanation, it appears that he is avoiding service, which made service on these companies more difficult, time consuming and

---

[2] It is not necessary to repeat the details of the parties' arguments in this ruling.

[3] "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought."  Wright & Miller, Federal Practice and Procedure, Civil 3d  § 2459, p. 435 (footnote omitted).  See also, *id.* at § 2463.1, p. 487-88 (same).

costly.[4]  This aspect of the defendant's untimeliness argument is unavailing.

These defendants also complained that the plaintiff's subpoenas were not served before the September 16, 2010 deadline to complete fact discovery.[5]  This argument is also unavailing.

Plaintiff initially issued subpoenas to CF Operating and Echelon Construction in early August 2010 and served counsel for the Perkins Rowe defendants and defendant Central Facilities with copies of them.[6]  Those subpoenas called for production of the requested documents by August 27.  However, defendant Spinosa, as the agent for service for CF Operating and Echelon Construction, could not be served with these subpoenas despite reasonable efforts

---

[4] See record document number 223-3, exhibit 3, affidavit of Jeff Brown describing his efforts to serve defendant Spinosa; record document number 223-6, exhibit 6, affidavit of Lynette Darbonne describing her efforts to serve defendant Spinosa.  This evidence supports the plaintiff's oft-repeated, and increasingly persuasive argument that a major goal of the Perkins Rowe defendants is to delay the resolution of this case for as long as they can.  If defendant Spinosa was not trying to avoid service, an appropriate response would have been for him to give Brown a specific date and time to return to the company office, or some other location, so that the subpoenas could be served on defendant Spinosa.

[5] See record document number 162, Modified Amended Scheduling Order, item A.2.  Before the deadline to complete fact discovery expired plaintiff filed KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions.  Record document number 186.  That motion was granted insofar as the plaintiff sought more time to complete discovery. Record document number 227.

[6] Record document number 223-1, exhibit 1; record document number 223-2, exhibit 2.

to do so.  Plaintiff slightly revised the subpoenas and reissued them September 22.[7]  But again, defendant Spinosa could not be served.  Finally, CF Operating and Echelon Construction were served by service on the Louisiana Secretary of State.[8]

This sequence of events supports finding that the plaintiff's failure to meet the September 16 fact discovery completion deadline, regarding the documents sought from CF Operating and Echelon Construction, was the fault of defendant Spinosa. Plaintiff KeyBank has shown good cause to extend the fact discovery deadline for such time as may be needed to obtain the requested documents from CF Operating and Echelon Construction.[9]

Second, again because neither CF Operating nor Echelon Construction moved to quash the subpoena issued to it, the Perkins Rowe defendants and defendant Central Facilities cannot complain about burdensomeness and relevancy.  Compliance with neither subpoena imposes any burden on the Perkins Rowe defendants or defendant Central Facilities.  Furthermore, defendant Central Facilities did not admit that it has any obligation or ability to produce the documents sought by the plaintiff.  Indeed, defendant Central Facilities has steadfastly maintained that it is a separate

---

[7] Record document number 223-4, exhibit 4, record document number 223-5, exhibit 5.

[8] Record document number 223-8, exhibit 8.

[9] Rule 16, Fed.R.Civ.P., requires a showing of good cause to extend a scheduling order deadline.

4

entity from CF Operating and cannot be required to produce documents in the possession, custody or control of CF Operating documents.

To the extent that the subpoenas require production of confidential or proprietary information, the protective order previously issued affords CF Operating and Echelon Construction sufficient protection from public disclosure.[10]

Third, the plaintiff has adequately explained how the requested documents are relevant in this case - to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegation, i.e. that the defendant Spinosa is the alter ego of Central Facilities.[11]

Fourth, neither CF Operating nor Echelon Construction objected because it did not have a reasonable amount of time to comply with the subpoena issued to it.[12]  Furthermore, any shortage of time is

---

[10] Record document number 69, Protective Order.  The Protective Order applies to confidential information produced by both parties and non-parties.

[11] See record document number 166, Ruling on Motion to Dismiss, p. 7.  See also Wright & Miller, Federal Practice and Procedure, Civil 3d  § 2459, p. 441-42 ("[Discovery] extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action.  This discovery relevance standard has been applied to subpoenas in many cases." (footnote omitted)).

[12] Rule 45(c)(3)(A), Fed.R.Civ.P., allows the Court to modify, rather than quash, a subpoena that does not allow sufficient time comply with it.  CF Operating and Echelon Construction have already had sufficient additional time to gather the requested documents and should produce them forthwith.  However since the Perkins Rowe (continued...)

the fault of their agent for service, defendant Spinosa. Accepting the defendants' argument would likely result in repeating the same sequence of events: plaintiff issues a subpoena which allows a reasonable time to comply,[13] CF Operating and Echelon Construction delays service for several weeks by defendant Spinosa avoiding service, then after the plaintiff serves the Secretary of State they move to quash on the ground that they do not have sufficient time to comply.  This result is not consistent with  Rule 1, Fed.R.Civ.P.: "[These rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."

Accordingly, the Joint Motion to Quash Subpoenas Duces Tecum to Central Facilities Operating Company, LLC and Echelon Construction, LLC is denied.

Baton Rouge, Louisiana, November 12, 2010.

*signature: Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[12] (...continued) defendants and defendant Central Facilities have 14 days to object to this ruling and seek review by the district judge under Rule 72(a), Fed.R.Civ.P., that additional time should be more than sufficient to comply with the subpoenas if no objections are made.

[13] Plaintiff's original subpoenas allowed slightly more than three weeks for CF Operating or Echelon Construction to produce the requested documents.  Record document number 223-2, exhibits 1 and 2.