UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTIONS TO QUASH SABAN SUBPOENA**

Before the court is defendant Central Facilities, LLC's Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban. Record document number 212. Also before the court is the Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban filed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa. Record document number 215. The motion is opposed by plaintiff KeyBank National Association.[1]

Defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively the "Perkins Rowe defendants") and defendant Central Facilities, LLC, moved to quash

---

[1] Record document numbers 231 and 232.

the subpoena issued by the plaintiff to Nicholas L. "Nick" Saban. The subpoena sought production of documents relating to: (1) loans, including repayment, between defendant Central Facilities and Saban; (2) investment by Saban in defendant Central Facilities and Central Facilities Operating Company, L.L.C. (hereafter "CF Operating"); (3) ownership in defendant Central Facilities or CF Operating by Saban; (4) distributions or payments by defendant Central Facilities and any affiliate to Saban; (5) distributions or payments by any Borrower to Saban; (6) distributions or payments by defendant Spinosa to Saban; (7) loans between any Borrower and Saban, including repayment; (8) loans between defendant Spinosa and Saban, including repayment; (9) investment by Saban in any Borrower; (10) minutes of any meeting of defendant Central Facilities; and (11) materials distributed at any meeting of the members of Central Facilities.

Defendant Central Facilities moved to quash the subpoena on four grounds: (1) the subpoena seeks to obtain confidential financial information which defendant Central Facilities has refused to produce; (2) the plaintiff threatened to take Saban's deposition and question him about confidential documents which are not relevant to the dispute with defendant Central Facilities; (3) the plaintiff has failed to show both good cause for production of the requested documents and that they are relevant, and if they are the plaintiff can file motion to compel discovery from

defendant Central Facilities so that the court can determine whether they are relevant and confidential.  The Perkins Rowe defendants moved to quash the subpoena on the grounds that it is overly broad and burdensome, and seeks information that is not relevant to the plaintiff's allegations against defendant Central Facilities.  The Perkins Rowe defendants also adopted the arguments made by defendant Central Facilities.

Saban did not moved to quash the subpoena, and but for the these motions to quash he would have produced the requested documents.[2]

Essentially for the reasons argued by plaintiff KeyBank in its opposition memorandum, some of which are summarized below, the motions are denied.[3]

Defendant Central Facilities and the Perkins Rowe defendants have no grounds to quash the Saban subpoena unless they assert a privilege, or some specific personal right which would bar production of the requested documents.[4]  They have not asserted any privilege or right which would prevent production of the documents

---

[2] Record document number 231-16, exhibit 16, letter from counsel for Saban.

[3] It is not necessary to repeat the details of the parties' arguments in this ruling.

[4] "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435 (footnote omitted). See also, *id.* at § 2463.1, pp. 487-88 (same).

by Saban.

The documents sought are relevant and discoverable. Plaintiff KeyBank has adequately explained how the requested documents are relevant in this case - to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegation, i.e. that defendant Spinosa is the alter ego of Central Facilities.[5]

To the extent that the subpoenas require production of confidential or proprietary information, the protective order previously issued affords defendant Central Facilities and the Perkins Rowe defendants sufficient protection from public

---

[5] See record document number 166, Ruling on Motion to Dismiss, pp. 6- 7 (citations omitted):
> The alter ego doctrine exists so that plaintiffs can "pierce the corporate veil" of a corporation in allegations of wrongdoing. Five non-inclusive factors determine whether to pierce the corporate veil: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate affairs; (3) undercapitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. Although Louisiana law most often pierces the corporate veil in instances of fraud or deceit, the determination of whether to pierce the corporate veil is a totality test.
>     ... Taken as true, [KeyBank's alter ego] allegation leads to the plausible inference that Spinosa and Central Facilities disregarded corporate formalities and commingled funds to the point that Central Facilities is the alter ego of Spinosa.

See also Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, pp. 441-42 ("[Discovery] extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action. This discovery relevance standard has been applied to subpoenas in many cases." (footnote omitted)).

disclosure.[6]

The Saban subpoena does not impose an undue burden on either defendant Central Facilities or the Perkins Rowe defendants. Saban was going to produce un-redacted documents and made no complaint about the burden of doing so. When the person who is the subject of the subpoena does not object to the burden of production a third party cannot credibly complain about burdensomeness.

Lastly, defendant Central Facilities' suggestion that plaintiff KeyBank should file a motion to compel discovery is unavailing.[7] First, there is no rule that limits a party to discovery of documents from only one source when other sources exist. Under Rule 26(b)(2)(C), Fed.R.Civ.P., the court may limit discovery when it "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." But here, Saban is the "more convenient, less burdensome, or less expensive" source. Defendant Central Facilities' suggestion will impose more burden, inconvenience and expense on the parties than obtaining the documents from Saban.

---

[6] Record document number 69, Protective Order. The Protective Order applies to confidential information produced by both parties and non-parties.

[7] Shortly after defendant Central Facilities filed its motion to quash plaintiff KeyBank filed a motion to compel discovery from defendant Central Facilities. Record document number 226. That motion seeks to compel discovery of more than just the documents sought from Saban.

Accordingly, the defendant Central Facilities, LLC's Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban is denied, and the Motion to Quash Subpoena Duces Tecum to Nicholas L. "Nick" Saban filed by the Perkins Rowe defendants is also denied.

Baton Rouge, Louisiana, November 16, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE