UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, INC.,
ET AL

CIVIL ACTION

NO. 09-497-JJB-SR

## RULING ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AFFIRMATIVE DEFENSE OF FRAUD

This matter is before the Court on Defendant's Motion, (doc. 205), to Dismiss Plaintiff's Affirmative Defense of Fraud. Plaintiff has filed an opposition, (doc. 225), to which Defendants have filed a reply, (doc. 242). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332.

On March 25, 2010, Defendants—Perkins Rowe Associates, LLC, Perkins Rowe Associates II, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa ("Spinosa")—filed their First Supplemental, Amended and Superseding Counterclaim (doc. 108) against Plaintiff KeyBank National Association ("KeyBank"), wherein Defendants assert that Plaintiff breached numerous provisions of the parties' relevant contracts. On June 30, 2010, KeyBank filed its answer (doc. 165) and affirmative defenses to Defendants' counterclaim, which included an affirmative defense based upon Plaintiff's allegedly fraudulent conduct. KeyBank asserts that:

> The Perkins Rowe Counterclaims fail due to Borrower's and Defendant Spinosa's fraudulent conduct. Borrower and Defendant Spinosa submitted to Keybank

1

> fraudulent draw requests, budgets and financials from February 2008 through November 2008. KeyBank was unaware that these materials were false and misleading, and KeyBank reasonably relied on this false material to its detriment. Borrower and Defendant Spinosa diverted funds from the intended vendors to others contrary to the information provided with the draw requests submitted to the KeyBank team responsible for the Project. In addition, these Defendants understated the costs of the Project on financials submitted to KeyBank by failing to record costs due to Echelon, a related party to these Defendants. Upon information and belief, there were two and perhaps three different sets of books for the Project reflecting different costs.

On October 18, 2010, Defendants filed their Motion (doc. 205) to Dismiss Plaintiff's Affirmative Defense of Fraud. Defendants assert that Plaintiff failed to state the circumstances constituting fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b) ("Rule 9(b)").

On November 8, 2010, Plaintiff filed its opposition (doc. 225) to Defendants' motion to dismiss. Plaintiff asserts that (1) Defendants' motion to dismiss is untimely because the time limit for filing a motion challenging the sufficiency of a pleading is coextensive with time limit for filing a motion to strike—twenty-one days from the filing of the questionable pleading; and (2) it pleaded its fraud defense with sufficient particularity (doc. 225). Plaintiff also asserts that it should be permitted to amend its answer if the Court determines that it has not complied with Rule 9(b) (doc. 225).

On November 23, 2010, Defendants filed their reply (doc. 242). Defendants (1) assert that Plaintiff improperly attributes the time limit for motions

to strike to all motions challenging the sufficiency of a pleading and (2) reiterate their arguments regarding the sufficiency of Plaintiff's allegations.

**Timeliness of Defendants' Motion**

Plaintiff asserts that Defendants' motion to dismiss is untimely (doc. 225). Plaintiff argues that the time limit for filing a motion challenging the sufficiency of a pleading is coextensive with time limit for filing a motion to strike under Federal Rule of Civil Procedure 12(f)—twenty-one days from the filing of the questionable pleading  (doc. 225).  Because Defendants did not file their motion to dismiss until 110 days after Plaintiff's answer, Plaintiff asserts that Defendants' motion is untimely (doc. 225).

Defendants assert that (1) the time limit for challenging a pleading's sufficiency and the time limit for filing a motion to strike are not coextensive; and (2) Federal Rules of Civil Procedure provide no specific time limit to bring a motion challenging a pleading's sufficiency under Rule 9(b) (doc. 242).

In the Fifth Circuit, when a party moves to dismiss for failure to allege fraud with sufficient particularity under Rule 9(b), the motion to dismiss is treated as one for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 (5th Cir. 1993).  Therefore, the time limits applicable to motions to dismiss under Rule 12(b)(6) should apply, and a party may challenge the sufficiency of allegations of fraud in any pleading.  Fed. R. Civ. P. 12(h)(2)(A).

3

The Court finds that Defendants' motion to dismiss is not untimely. Because the Fifth Circuit treats a motion to dismiss allegations of fraud for lack of specificity as one for failure to state a claim upon which relief can be granted, *Shushany*, 992 F.2d at 520, Defendants may file their motion in any pleading. Moreover, Plaintiff has filed within the time allowed for dispositive motions in the applicable scheduling order (doc. 230). Therefore, Defendants' motion is not untimely.

**Sufficiency of Plaintiff's Allegations**

Defendants contend that Plaintiff failed to plead the affirmative defense of fraud with sufficient particularity (doc. 205). Specifically, Defendants claim that Plaintiff failed to state (1) the content of any false statements and on what basis the statements are "false"; (2) who made the particular statements; (3) when or where the statements were made; (4) how Plaintiff relied on the statements to its detriment; and (5) what the persons making the statements obtained as a result (doc. 205).

Plaintiff asserts that (1) it has pled the defense of fraud with sufficient particularity; and (2) should the court find it has not done so, it should be permitted to amend its answer to include the requisite detail (doc. 225).

Under Rule 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In the Fifth Circuit, a party alleging fraud must specify (1) the contents of the false statement, and why it is false; (2) when the statement was made; (3) where the statement was

4

made; (4) by whom the statement was made; and (5) what the person making the statements obtained thereby. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997); *Pittle v. McGlynn*, 2010 WL 3184226, * 2 (M.D. La. 2010). Moreover, Louisiana law fraud claims are subject to the pleading requirements of Rule 9(b). *Williams*, 112 F.3d at 177. Because reliance is an element of fraud under Louisiana law, a party pleading fraud must also state what actions it took in reliance on the allegedly fraudulent statement. La. Civ. Code Ann. art. 1953; *Foley & Lardner, L.L.P. v. Aldar Invs., Inc.*, 491 F. Supp. 2d 595, 604 (M.D. La. 2007). However, the Fifth Circuit permits Rule 9(b)'s requirements to be relaxed where the facts are peculiarly within the perpetrator's knowledge—that is, not available from some other source—and the party alleging fraud sets forth a factual basis for his belief. *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999); *see also Sealed Appellant I v. Sealed Appellee I*, 156 Fed. Appx. 630, 634 (5th Cir. 2005) (demonstrating what constitutes a sufficient factual basis: particular documents containing false statements, identified by number, date or otherwise, or explanations of how the party tried, but failed to obtain the information sought).

If a court grants "a motion based on a lack of sufficient particularity under Rule 9(b) . . . , whether or not coupled with a motion to dismiss, it will be with leave to amend the deficient pleading. Thus, a failure to satisfy Rule 9(b) will not automatically lead to a dismissal of the action." 5A Wright & Miller, *supra*, § 106; *see also Hart v. Bayer Corp.*, 199 F.3d 239, 248 (5th Cir. 2000) ("Although a

5

court may dismiss [an insufficiently pleaded claim], it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so.").

The Court finds that Plaintiff has failed to plead its affirmative defense of fraud with sufficient particularity. In its answer to Defendant's counterclaim (doc. 165), Plaintiff asserts that:

> The Perkins Rowe Counterclaims fail due to Borrower's and Defendant Spinosa's fraudulent conduct. Borrower and Defendant Spinosa submitted to Keybank fraudulent draw requests, budgets and financials from February 2008 through November 2008. KeyBank was unaware that these materials were false and misleading, and KeyBank reasonably relied on this false material to its detriment. Borrower and Defendant Spinosa diverted funds from the intended vendors to others contrary to the information provided with the draw requests submitted to the KeyBank team responsible for the Project. In addition, these Defendants understated the costs of the Project on financials submitted to KeyBank by failing to record costs due to Echelon, a related party to these Defendants. Upon information and belief, there were two and perhaps three different sets of books for the Project reflecting different costs.

In doing so, Plaintiff adequately alleged when—February 2008 to November 2008—and where—in the draw requests submitted to Keybank—the allegedly fraudulent statements were made. However, Plaintiff failed to specify the contents of the allegedly fraudulent draw requests or why the draw requests were indeed fraudulent. Plaintiff also failed to specify to which vendors the diverted

6

funds were intended to go, and to which vendors the funds actually went. Moreover, Plaintiff failed to specify which costs due to Echelon were understated and by how much. Plaintiff also failed to state what actions it took in reliance on the fraudulent draw requests or understated cost projections. Moreover, Plaintiff has failed to demonstrate that the facts establishing the fraud are peculiarly within the Defendants' knowledge and to adequately set forth the factual basis for his belief that Defendants engaged in fraud, and so Rule 9(b)'s requirements may not be relaxed. *Epic Healthcare Mgmt. Grp.*, 193 F.3d at 308.

However, because Defendants will not suffer any prejudice, the Court also finds that Plaintiff should be given the opportunity to amend its pleadings to provide the required specificity.

## **CONCLUSION**

Accordingly, Defendant's motion (doc. 205) to dismiss Plaintiff's affirmative defense of fraud is hereby DENIED, and Plaintiff is ordered to amend its answer (doc. 165) within ten (10) days of this ruling. Defendants must respond to Plaintiff's amended answer within fourteen (14) days of Plaintiff's filing.

Signed in Baton Rouge, Louisiana this 30th day of November, 2010.

_____
**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**