UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY FROM CENTRAL FACILITIES**

Before the court is plaintiff KeyBank National Association's Motion to Compel Discovery From Central Facilities, L.L.C. Record document number 226. The motion is opposed by defendant Central Facilities, L.L.C.[1]

Defendant Central Facilities, L.L.C. (hereafter, "Central Facilities"), is the entity that owns the facility which supplies chilled water to the Perkins Rowe project. As a defense to plaintiff KeyBank's efforts to collect on the note and foreclose on the security, and as part of their counterclaims, defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively the "Perkins Rowe defendants") alleged

---

[1] Record document number 249.

that plaintiff KeyBank National Association (hereafter, "KeyBank") breached the Loan Agreement, delayed funding after receipt of draw requests, and thereby caused the Perkins Rowe defendants to be unable to meet certain obligations, including not paying some of the vendors. Plaintiff KeyBank asserted as an affirmative defense that the Perkins Rowe defendants misled or defrauded it in connection with the draw requests.[2]

Plaintiff KeyBank argued that its discovery requests seek information and the production of documents which are relevant to:

> the claims and defenses at issue in this litigation, including (i) KeyBank's claims against Central Facilities relating to its obligation to supply chilled water to the Property at commercially reasonable rates; (ii) the Borrower Defendants' counterclaim that KeyBank breached the Loan Agreement allegedly by requiring the Defendants to produce a copy of a contract for the supply of chilled water to the Property; (iii) KeyBank's allegation that Central Facilities is the alter ego of the Borrower Defendants; and (iv) KeyBank's affirmative defense that the Borrower Defendants misled or defrauded KeyBank in connection with the draw requests and budgets for the Property.[3]

Plaintiff served several sets of discovery requests on defendant Central Facilities, to which it responded with some

---

[2] Plaintiff KeyBank's fraud defense was the subject of the Perkins Rowe defendants' Motion to Dismiss KeyBank National Assn.'s Affirmative Defense of Fraud Pursuant to Fed.R.Civ.P. 9(b). Record document number 205. That motion was denied and plaintiff KeyBank was ordered to amend its answer to the Perkins Rowe defendants' counterclaim to more specifically allege its fraud defense. Record document number 252. Plaintiff KeyBank filed is amended answer to the counterclaim on December 10, 2010. Record document number 261.

[3] Record document number 226, pp. 1-2.

objections and some substantive answers/documents.[4] The parties attempted to resolve their dispute over the adequacy of the defendant's discovery responses but they were unsuccessful. Plaintiff then filed this motion.

KeyBank asserted that considering the above listed claims and defenses, numerous objections made by Central Facilities are without merit and Central Facilities should be ordered to produce the information and documents.[5] According to KeyBank, as to each set of discovery requests the following objections by Central Facilities are unsupported:

- the information/documents cannot be provided because they are in the possession of Central Facilities Operating Company, LLC
- relevancy objections to KeyBank's requests seeking: Central Facilities' financial information and documents;[6] plans for the supply of chilled water to the Property (this discovery

---

[4] The subjects of this discovery dispute are Central Facilities' September 8, 2010 responses to KeyBank's First Set of Interrogatories and Requests for Production of Documents, Central Facilities' September 27, 2010 responses to KeyBank's Second Requests for Production of Documents, and Central Facilities' September 30, 2010 responses to Keybank's Third Requests for Production of Documents. Record document numbers 226-2, exhibit 1; 226-5, exhibit 4; 226-6, exhibit 5.

[5] The individual interrogatory and document requests to which KeyBank contended that Central Facilities asserted meritless objections are listed on pages 4 and 6 of KeyBank's Memorandum in Support. Record document number 226-1.

[6] Central Facilities also objected to producing its quarterly and annual financial statements on grounds that the request was overly broad and burdensome.

3

also objected to on grounds of confidentiality and vagueness); communications between Central Facilities and the Borrowers; identities of attorneys that have represented both Central Facilities and Central Facilities Operating Company, LLC; minutes of meetings of the members of Central Facilities and any materials distributed at the meetings; and, documents related to distribution/payments by Borrowers, Central Facilities or its affiliates to Nick Saban.

- certain documents do not have to be produced because KeyBank has already received or could obtain them from other unnamed parties/non-parties.

In its opposition memorandum Central Facilities only addressed its objections to producing what it referred to as its "confidential financial records."[7] Central Facilities maintained that its financial records are not necessary to prove KeyBank's first two theories of liability - promesse de porte forte and agency. As to the alter ego theory advanced by KeyBank, Central Facilities essentially reargued its position on the Motion to Dismiss that was denied almost six months ago,[8] and asserted that the recent production of the Operating Agreement of Central Facilities, LLC demonstrates unequivocally that Spinosa cannot possibly be the alter ego of Central Facilities.

---

[7] Record document number 249, opposition memorandum, p. 3.

[8] See, record document numbers 152, 157 and 166.

4

Central Facilities's continued argument that its financial information and documents are irrelevant is wholly unjustified. At this point KeyBank has alleged and is entitled to pursue the alter ego theory as part of its claim to establish the obligation of Central Facilities and Spinosa to provide chilled water to the Perkins Rowe project. It is unconvincing and unreasonable for Central Facilities to argue in a discovery motion that production of the Operating Agreement resolves the merits of the alter ego question and makes its financial information irrelevant. What is on the face of the Operating Agreement is not dispositive. Plaintiff KeyBank is entitled to discover the financial information and documents of Central Facilities which will show whether the conduct of the parties was consistent or inconsistent with the terms of the Operating Agreement. The financial/business records as they relate to the Operating Agreement, and the other financial factors that are critical in an alter ego analysis are clearly relevant to KeyBank's claims against Central Facilities.

Under Rule 37(a)(5)(A), Fed.R.Civ.P., the court must require the party and/or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in bringing the motion, unless the motion was substantially justified or other circumstances make an award of expenses unjust. Central Facilities' opposition to the discovery and this motion was not substantially justified, and no circumstances make an award of

expenses unjust.  Plaintiff KeyBank is entitled to an award reasonable expenses under this rule.

Accordingly, plaintiff KeyBank National Association's Motion to Compel Discovery From Central Facilities, L.L.C., is granted. Defendant Central Facilities, L.L.C. shall produce the requested documents within 14 days.

Pursuant to Rule 37(a)(5)(A), plaintiff KeyBank shall have ten days to file a statement of the reasonable expenses incurred in bringing this motion.  Defendant Central Facilities shall have seven days to file a response.  A supplemental ruling to address the award of expenses will then be issued.

Baton Rouge, Louisiana, December 27, 2010.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE