UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTION TO QUASH HANCOCK BANK AND CAPITAL ONE SUBPOENAS**

Before the court is the Motion to Quash Subpoenas Duces Tecum to Hancock Bank and to Capital One filed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa. Record document number 262. The motion is opposed by plaintiff KeyBank National Association.[1]

Defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa (hereafter, collectively the "Perkins Rowe defendants") moved to quash subpoenas issued by the plaintiff to Hancock Bank of Louisiana and to Capital One, N.A. The subpoenas seek production of financial records pertaining to the Perkins Rowe

---

[1] Record document number 275.

defendants, defendant Central Facilities, L.L.C., and related entities Echelon Constructions Services, LLC, JTS Realty Services, L.L.C. or JTS Realty Corporation, and Central Facilities Operating Company, L.L.C. (hereafter, CF Operating)  In their motion the Perkins Rowe defendants moved to quash the subpoenas on three grounds: (1) the subpoenas are overbroad; (2) the subpoenas seek production of confidential information unrelated to the issues in this case; and (3) the subpoenas are not reasonably calculated to lead to discoverable information.

Neither Hancock Bank nor Capital One moved to quash the subpoena issued to it.[2]  Echelon Construction, JTS Realty and CF Operating joined in the Perkins Rowe defendants' motion.[3]

The arguments made by the Perkins Rowe defendants were made and rejected in one or more previous rulings.[4]  No material fact

---

[2] Nor did defendant Central Facilities move to quash either subpoena. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435 (footnote omitted). See also, *id.* at § 2463.1, pp. 487-88 (same).

[3] See record document number 262-4, exhibit C.

[4] Record document number 228, Ruling on Motion to Quash BancorpSouth Subpoenas (rejecting the Perkins Rowe defendants' financial records confidentiality and relevancy arguments, among others); record document number 229, Ruling on Motion to Quash Central Facilities Operating and Echelon Subpoenas (same); record document number 271, Ruling on Motion to Compel Discovery From Central Facilities (rejecting the defendants's financial records confidentiality and relevancy arguments).  The Perkins Rowe
(continued...)

2

has changed such that a different ruling on this motion is required or warranted. No useful purpose would be served by reiterating all of the parties' arguments. Essentially for the reasons argued by plaintiff KeyBank, the Perkins Rowe defendants' argument are unconvincing.

The Perkins Rowe defendants, Echelon Construction, JTS Realty and CF Operating have no grounds to quash the subpoenas. None of them have standing to move to quash the subpoenas. They did not assert the attorney client privilege, nor claim that any of the subpoenaed documents are protected work product. Applicable Louisiana law, R.S. 6:333, does not create a privilege which bars the financial records from discovery if they are relevant evidence or are otherwise discoverable in a particular case.[5] Rather, the

---

[4](...continued)
defendants appealed the Ruling on Motion to Quash BancorpSouth Subpoenas and the Ruling on Motion to Quash Central Facilities Operating and Echelon Subpoenas to the district judge. Record document number 250. That appeal is still pending.

[5] Nor does the statute contain or express a legislative finding that bank records are confidential. The cases relied upon the Perkins Rowe defendants, *Burford v. First Nat. Bank in Mansfield*, 557 So.2d 1147 (La.App. 2 Cir.1990) and *Ouachita Nat. Bank in Monroe v. Palowsky*, 554 So.2d 108 (La.App. 2 Cir.1989), are not binding and are unpersuasive. Although the court in *Burford* found that "these statutes [R.S. 6:333 and 9:3571] create a duty of confidentiality in favor of their customers," it did not hold that the customer's records are confidential. *Id.* at 1151. Rather, the decision stands for the proposition that when a bank discloses customer financial information improperly it can be liable in damages for the harm created. *Ouachita Nat. Bank* stands, at most, for the proposition that a bank customer's records must be relevant to the claims in the litigation. Plaintiff KeyBank has
(continued...)

3

statute only provides for specific procedures to be followed before a customer's financial records may be produced by a bank.[6]

In this case, the subpoenaed financial records are relevant and discoverable.  Plaintiff KeyBank has adequately explained how the requested documents are relevant in this case - to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegations.[7]

To the extent that the subpoenas require production of confidential or proprietary information,[8] the protective order previously issued affords the Perkins Rowe defendants, Echelon Construction, JTS Realty and CF Operating sufficient protection from public disclosure.[9]

Accordingly, the Motion to Quash Subpoenas Duces Tecum to

---

[5](...continued)
shown that the records sought from Hancock Bank and Capitol One are discoverable under Rule 26, Fed.R.Civ.P.

[6] The Perkins Rowe defendants did not argue that plaintiff KeyBank failed to comply with the procedures required by the statute.

[7] See record document number 166, Ruling on Motion to Dismiss, p. 7.  See also Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, pp. 441-42 ("[Discovery] extends to any nonprivileged matter that is relevant to the claim or defense of any party in the pending action.  This discovery relevance standard has been applied to subpoenas in many cases." (footnote omitted)).

[8] *U.S. v. Miller,* 425 U.s. 435, 96 S.Ct. 1619 (1976), indicates that most of the documents sought are not confidential.

[9] Record document number 69, Protective Order.  The Protective Order applies to confidential information produced by both parties and non-parties.

4

Hancock Bank and to Capital One filed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rows Block A Condominiums, LLC, and Joseph T. Spinosa is denied.

Baton Rouge, Louisiana, January 5, 2011.

*Stephen C. Riedlinger*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE