UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

                                       CIVIL ACTION

VERSUS

                                       NO. 09-497-JJB-SR

PERKINS ROWE ASSOCIATES, L.L.C.,
ET AL

## RULING ON DEFENDANTS' MOTION TO REVIEW MAGISTRATE JUDGE'S RULINGS

This matter is before the Court on Defendants' motion (doc. 250) to review the Magistrate Judge's rulings filed November 12, 2010 pertaining to motions to quash subpoenas issued to BancorpSouth Bank, Echelon Construction and Central Facilities Operating. Plaintiff has filed an opposition (doc. 266). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons stated herein, the Court DENIES Defendants' motion.

On September 22, 2010, Plaintiff KeyBank National Association ("Keybank") issued subpoenas *duces tecum* to non-parties Echelon Construction Services ("Echelon") and Central Facilities Operating ("CF Operating") seeking production of the entities' organizational and financial documents. In addition, on September 22 and 23, 2010, Plaintiff issued subpoenas *duces tecum* to non-party BancorpSouth Bank ("BankcorpSouth) seeking bank statements and check logs from 2006 to the present relating to Defendants and non-parties Echelon and JTS Realty Services, L.L.C. ("JTS Realty"). Because Joseph T. Spinosa

1

("Spinosa")—co-defendant and officer, managing agent and agent for service of process for Echelon and JTS Realty—could not be served despite Plaintiff's reasonable efforts, Plaintiff served the Louisiana Secretary of State with the subpoenas.

On October 15, 2010, Defendants filed motions (docs. 203 & 204) to quash the subpoenas on the grounds that (1) the subpoenas were not timely; and (2) the subpoenas did not seek relevant information and were overly burdensome (doc. 223).   In opposition (doc. 223), Plaintiff asserted that (1) Defendants did not have standing to object to subpoenas issued to non-parties; and (2) the information sought was relevant to establishing its fraud and alter ego allegations.   On November 12, 2010, Magistrate Judge Stephen Reidlinger denied (docs. 223 & 224) Defendants' motions to quash the subpoenas.   In his ruling on the subpoenas to CF Operating and Echelon, the Magistrate Judge concluded that (1) Defendants did not have standing to challenge the subpoenas; (2) the information sought was nonetheless relevant[1]; and (3) any confidentiality concerns were adequately addressed by the protective order (doc. 229).   In his ruling on the BancorpSouth subpoena, the Magistrate Judge concluded that (1) Plaintiff had shown sufficient good cause and relevance to require

---

[1] The Magistrate Judge concluded that the requested information was necessary "to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegation, i.e. that the defendant Spinosa is the alter ego of [CF Operating]" (doc. 229, p. 5).

BankcorpSouth's production of confidential records[2]; and (2) the protective order adequately protected any confidential or proprietary information sought by the subpoenas (doc. 228).

On November 29, 2010, Defendants filed their motion (doc. 250) to review the Magistrate Judge's rulings. Defendants assert that (1) they have standing to challenge the subpoenas on the grounds of burdensomeness, relevancy, and their personal interest in protecting the confidentiality of their bank records; (2) the information sought is not relevant to any of Plaintiff's claims of defenses; (3) the subpoenas are unduly burdensome; and (4) the (doc. 250).

On December 20, 2010, Plaintiff submitted its motion (doc. 266) in opposition to Defendants' motion to review the Magistrate Judge's ruling. Plaintiff asserts that (1) Defendants do not have standing to challenge the subpoenas; and (2) the information sought by the subpoenas is relevant to its defense of fraud and allegations that Echelon is the alter ego of Spinosa; and (3) any concerns regarding the confidentiality of the documents are addressed by the protective order (doc. 266).

Under Rule 72(a) of the Federal Rules of Civil Procedure, a party may object to a Magistrate Judge's non-dispositive, pre-trial ruling within ten days of the order, and under 28 U.S.C. § 636(b)(1), a district court may review a such a ruling within fourteen days of service of the order. The district court may reverse

---

[2] The Magistrate Judge concluded that the information sought was necessary "to refute the allegation of the Perkins Rowe defendants' counterclaims and/or to prove the plaintiff's alter ego allegation, i.e. that the defendant Spinosa is the alter ego of [CF Operating]" (doc. 229, p. 5)

a Magistrate Judge's order only upon finding that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1). A Magistrate Judge's order is clearly erroneous or contrary to law if the reviewing Court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum*, 333 U.S. 364, 395 (1948).

Defendants assert that they have standing to quash the subpoenas issued to CF Operating and Echelon both as a general matter and because defendant Spinosa is an officer, managing agent and registered agent for service of process for the two companies (doc. 250, p. 10). Moreover, Defendants assert that they have standing to quash the subpoenas issued to BancorpSouth by virtue of their personal interest in the confidentiality of their bank records (doc. 250, p. 10). Plaintiff asserts that a party has no standing to challenge a subpoena issued to a third party unless the challenging party asserts some personal right and that Defendants have no such interest in the requested information (doc. 266, p. 12).

"Ordinarily, a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the document sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435. Generally speaking, a party has standing to challenge a subpoena issued to a non-party if the subpoena seeks confidential or protected information sensitive to the movant. *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979) (finding that a party did not have standing to challenge a subpoena without asserting some personal right

4

or privilege); *See, e.g., Old Towne Dev. Grp., L.L.C. v. Matthews*, 2009 WL 2021723, at *1 (M.D. La. 2009) (finding that plaintiff's personal interest in the confidentiality of bank records was sufficient to confer standing); *Terwillegar v. Offshore Energy Srvs., Inc.*, 2008 WL 2277879, at *1 (E.D. La. 2008) (same). However, a party may not challenge a subpoena made to a third-party on the grounds that the information sought is not relevant or imposes an undue burden. *G.K. Las Vegas Ltd., LP v. Simon Prop. Grp., Inc.*, 2007 WL 119148, at *3 (D. Nev. 2007); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636-37 (C.D. Cal. 2005).

The Court finds that the Magistrate Judge's ruling as to the Echelon and CF Operating subpoenas was not clearly erroneous or contrary to law. Defendants do not have standing to challenge the subpoenas issued to Echelon and CF Operating. The records sought are not the property of, nor do they contain confidential information relating to Defendants. Defendants' only bases for challenging the subpoenas issued to Echelon and CF Operating are relevance and undue burden, neither of which is sufficient to confer standing upon Defendants. *G.K. Las Vegas Ltd., LP* , 2007 WL 119148, at *3; *Moon*, 232 F.R.D. at 636-37.

However, the Court also finds that Defendants do have standing to challenge the subpoenas issued to BancorpSouth. Though the Magistrate Judge correctly noted that "some federal courts differ on whether a person has a privilege in or a right to bank records held by his bank and whether this right is sufficient to provide standing to challenge a subpoena issued to the bank," (doc.

228, p. 5), authority from this District and other local districts dictates that an individual has such an interest, and that the interest confers standing.  *Old Towne Dev. Grp., L.L.C.*, 2009 WL 2021723; *1; *Terwillegar*, 2008 WL 2277879, at *1.

That said, the Court also agrees with the Magistrate Judge's conclusion that "[t]o the extent that the subpoenas require production of confidential or proprietary information, the protective order previously issued affords the Perkins Rowe defendants . . . sufficient protection from public disclosure."  Therefore, the Magistrate Judge's refusal to quash the subpoenas issued to BanccorpSouth are not clearly erroneous or contrary to law.

## CONCLUSION

Accordingly, the Court hereby DENIES Defendants' motion (doc. 250) to review the Magistrate Judge's rulings filed November 12, 2010 pertaining to motions to quash subpoenas issued to BancorpSouth Bank, Echelon Construction and Central Facilities Operating.

Signed in Baton Rouge, Louisiana this 11th day of January, 2011.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**