UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, LLC,
ET AL

CIVIL ACTION

NUMBER 09-497-JJB-SCR

consolidated with

KEYBANK NATIONAL ASSOCIATION

VERSUS

THORNCO, L.L.C.

CIVIL ACTION

NUMBER 10-552-JJB-SCR

**RULING ON MOTION TO COMPEL DISCOVERY**

Before the court is plaintiff KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and For Sanctions. Record document number 186. The motion is opposed by defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC and Joseph T. Spinosa (hereafter, collectively referred to as the "Perkins Rowe defendants").[1]

The following sets of discovery requests served by plaintiff

---

[1] Record document number 195. Plaintiff KeyBank also filed a reply memorandum. Record document number 210. In a ruling dated September 20, 2010 the court denied plaintiff Keybank's Motion for Expedited Briefing Schedule and/or Hearing on this motion. Record document number 194. In a partial ruling issued on November 12, 2010, the court vacated the existing scheduling order deadlines and stated that new deadlines would be fixed after the court ruled on the pending discovery motions. Record document number 227.

Keybank on the Perkins Rowe defendants are the subject of this motion to compel:

1. First Set of Interrogatories, Requests for Production and Requests for Admissions (served 9/21/09; response 10/30/09, supplemental response 8/16/10[2])

2. Second Set of Interrogatories and Requests for Production (served 3/16/10; response 4/19/10, supplemental response 8/16/10[3])

3. Third Set of Interrogatories and Requests for Production (served 4/13/10; responses/answers 8/16/10 and 8/17/10[4])

4. Fourth Set of Interrogatories and Requests for Production (served 4/14/10; responses/answers 8/16/10 and 8/17/10[5])

5. Fifth Set of Interrogatories and Requests for Production (served 7/14/10 and 4/22/10, respectively; responses/answers 8/16/10 and 8/17/10[6])

6. Sixth Set of Requests for Production (served 7/7/10;

---

[2] Record document number 186-14, exhibit 12, and record document number 186-15, exhibit 13, respectively.

[3] Record document number 186-3, exhibit 1, and record document number 186-23, exhibit 21.

[4] Record document numbers 186-16 and 186-18, exhibits 14 and 16, respectively.

[5] Record document number 186-17, exhibit 15.

[6] Record document number 186-20, exhibit 18.

response 8/16/10[7]).

Plaintiff KeyBank essentially argued that the Perkins Rowe defendants' answers and responses to the above discovery requests were untimely and entirely inadequate.[8] Plaintiff KeyBank asserted that the Perkins Rowe defendants' delay, boilerplate objections and scant, incomplete substantive responses justifies an order for the Perkins Rowe defendants to provide complete answers and responses to all of plaintiff KeyBank's discovery requests.

The Perkins Rowe defendants opposed the motion on several grounds. Their main argument is that they have previously produced thousands of documents to plaintiff KeyBank, its auditor, GlassRatner, and the keeper of the property, Jones Lang LaSalle Americas, Inc. ("JLL"). The Perkins Rowe defendants also relied on several affidavits with supporting documents to support their arguments.[9] According to the Perkins Rowe defendants, these productions demonstrate they have already provided all business and

---

[7] Record document number 186-19, exhibit 17.

[8] The memoranda and exhibits filed in connection with this motion are voluminous. It is unnecessary to go into extensive detail regarding all of the arguments and exhibits to resolve the motion.

[9] Record document number 195-1, exhibit 1, affidavit of Kathy Hackshaw; record document number 195-1, exhibit 2, affidavit of Allen A. Laguaite; record document number 195-1, exhibit 3, affidavit of Glen R. Jarrell; record document number 195-2, exhibit 5, affidavit of Jerrylyn "Jerri" Vasta; record document numbers 195-3, 195-4 and 195-5, exhibit 16, affidavit of Joseph T. Spinosa; record document number 198-3, exhibit 22 (sealed), affidavit of Dominique S. Beeson.

3

financial records, and plaintiff KeyBank has in its possession and control the information and documents it seeks through discovery. Therefore, they asserted, plaintiff KeyBank's six sets of requests for production and five sets of interrogatories served during the period from September 2009 to July 2010 are duplicative, cumulative and abusive. The Perkins Rowe defendants also asserted that the motion to compel is essentially a blanket complaint regarding all discovery responses and plaintiff KeyBank failed to specify why each response it wants supplemented is deficient. Therefore, the Perkins Rowe defendants argued, the court should reject the motion to the extent that it requests an order compelling all discovery responses to be redone.

The Perkins Rowe defendants argued further that their relevance objections are valid, and that plaintiff KeyBank's allegations of fraud do not justify its over-broad discovery requests or an order that they reproduce information and documents which plaintiff KeyBank and its agents already have. Finally, the Perkins Rowe defendants maintained that the record does not support a finding that they waived objections due to a failure to respond within the time limits of the discovery rules. The Perkins Rowe defendants argued that such a finding would not be appropriate, because at the time their discovery responses were due the parties were communicating in a good faith attempt to resolve their discovery disputes.

**Analysis**

All of the parties' arguments and the documents they submitted have been carefully considered. A review of plaintiff KeyBank's discovery requests and the Perkins Rowe defendants' objections, answers and responses shows that the Perkins Rowe defendants' arguments are without merit and plaintiff KeyBank's motion is well-founded.[10] The Perkins Rowe defendants have had ample time to remove their meritless, unsupported objections and to cure the numerous deficiencies in their discovery responses. They have refused or failed to do so. The best way to correct the Perkins Rowe defendants' deficient responses is to require them to serve comprehensive responses to these discovery requests, rather than have them serve more supplemental responses.

Initially, the Perkins Rowe defendants argued that plaintiff KeyBank's motion should be summarily denied because it failed to specify how each answer and response was deficient. While plaintiff KeyBank did not cite and discuss the deficiencies of every interrogatory and request for production, its supporting memoranda are specific enough and cited enough examples to demonstrate the serious deficiencies in the Perkins Rowe defendants' discovery responses. The Perkins Rowe defendants'

---

[10] The Perkins Rowe defendants used approximately one-third of their opposition memorandum to discuss topics irrelevant to this discovery motion - plaintiff KeyBank's production of documents to the Perkins Rowe defendants, and the merits of plaintiff KeyBank's fraud and alter ego allegations.

5

repeated, unsupported objections and meager substantive responses made it unnecessary for plaintiff KeyBank to address each discovery request specifically. Plaintiff KeyBank's references to and discussion of specific deficiencies is more than adequate to support its motion.

The Perkins Rowe defendants' principal argument is that they can satisfy their responses to plaintiff KeyBank's discovery requests by relying on information and documents they and others provided before this suit was filed or provided thereafter in connection with other matters.[11] With the exception of a few specific references to documents or information previously provided, the Perkins Rowe defendants' position is reflected in their consistent, general objections throughout their answers/responses. These are exemplified by the following statements: (1) copies of the responsive documents have previously been provided; (2) the request seeks information already provided to plaintiff KeyBank pursuant to its lending relationship with the Perkins Rowe defendants; (3) plaintiff KeyBank is directed to the information and/or responsive, non-privileged documents provided to

---

[11] Plaintiff KeyBank disputed the Perkins Rowe defendants' assertion that they have at all times fully cooperated and provided complete financial and business records and information to plaintiff KeyBank, the auditor and the keeper of the property. See, record document numbers 210-1, 210-2 and 210-3, exhibits 1, 2 and 3, respectively. Because the Perkins Rowe defendants' principal argument is without merit, it unnecessary to comment on or decide whether at some time in the past they cooperated and provided complete information.

it and/or its agent JLL prior to the litigation, and to documents which have been and will be produced in conjunction with the litigation; and, (4) the request seeks information/documents already in the possession or control of plaintiff KeyBank.

Simply put, the Perkins defendants' positions are unpersuasive and legally unsupported. The fact that plaintiff KeyBank, its auditor or the keeper might possess information or documents received before the litigation or outside of the discovery process, does not relieve the Perkins Rowe defendants of their obligation to properly respond to discovery requests. If the Perkins Rowe defendants had answered a particular interrogatory or responded to a particular document request by specifically referring to or identifying information and documents previously provided, their argument might have merit.[12] But, the Perkins Rowe defendants' position – providing blanket discovery responses/objections which give plaintiff KeyBank no substantive information and merely tell it to go review thousands of documents previously provided – is improper.

Answering an interrogatory by generally referring to

---

[12] The Perkins Rowe defendants argued that answers to interrogatories that referred to paragraphs of defendant Spinosa's affidavit were sufficient under Rule 33(d) because the affidavit was supported by business records. The affidavit clearly is not a business record, and therefore is not a proper response to the interrogatories. Nevertheless, to the extent these answers referred to paragraphs in the affidavit which identified specific business records attached to the affidavit, the business records could fall under the Rule 33(d) option.

7

information or documents previously provided does not satisfy the requirement that the answer must be made fully, in writing, under oath and signed by the party. Rule 33(b)(3) and (5), Fed.R.Civ.P.[13] The Perkins Rowe defendants' attempt to answer interrogatories and respond to document requests by directing plaintiff KeyBank to an undifferentiated mass of records previously provided and/or already in plaintiff KeyBank's possession, does not comply with Rule 33(d) or Rule 34.[14] Under Rule 33(d), if certain conditions are met a party has the option to produce business records, but the party must specify the records which must be reviewed in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. Rule 34 plainly states that unless otherwise stipulated or ordered by the court, a party must produce documents as they are kept in the usual course

---

[13] Answers to interrogatories must be in writing, and signed under oath by the party answering them. Plaintiff KeyBank asserted that the Perkins Rowe defendants' answers to interrogatories did not comply with this requirement. The record reflects and the Perkins Rowe defendants did not contest that they failed to comply with Rules 33(b)(3) and (5). Therefore, when they serve their comprehensive answers to KeyBank's interrogatories the Perkins Rowe defendants must ensure that their answers comply with Rules 33(b)(3) and (5).

[14] Rule 33(d)(1) requires that answers using the business records option must specify the records to be reviewed in enough detail so that the interrogating party can locate and identify them as easily as the responding party. Thus, it is improper to direct the interrogating party to a mass of business records or offer to make all of the party's business records available. *See*, 8B Wright, Miller & Marcus, Federal Practice & Procedure § 2178 (Civil 3d 2010); *Heerden v. Board of Supervisors of Louisiana State University*, 2011 WL 293758 (M.D. La. Jan. 27, 2011).

of business or organize and label them to correspond to the categories in the request for production. The Perkins Rowe defendants' discovery responses clearly do not comply with these requirements of Rules 33 and 34.

It is unclear from the Perkins Rowe defendants' opposition memorandum how much information they claim to have actually provided in response to plaintiff KeyBank's discovery requests, as opposed to claiming that the information was provided to plaintiff KeyBank, the auditor or the keeper at other times and through other means. What is clear from the record is that the Perkins Rowe defendants' failure to properly respond to these discovery requests caused this motion to compel to be filed and justifies granting the relief sought.

A review of the discovery responses shows that the Perkins Rowe defendants also routinely objected to virtually every interrogatory and request for production on grounds of relevance. Contrary to their arguments, this case is no longer limited to plaintiff KeyBank's attempt to foreclose, nor is it limited to plaintiff KeyBank's fraud defense pled in response to the Perkins Rowe defendants' counterclaims. The defenses and counterclaims raised by the Perkins Rowe defendants, combined with the May 26, 2010 Ruling on Plaintiff's Motion for Summary Judgment,[15] have resulted in this case becoming a dispute over what led to the

---

[15] Record document number 156.

foreclosure suit and which side is responsible for the Perkins Rowe defendants' inability to pay their note. Consequently, basically anything related to the Perkins Rowe defendants' management of the Perkins Rowe project has become relevant to this case. A review of plaintiff KeyBank's discovery requests demonstrates that the Perkins Rowe defendants' relevance objections are baseless.

When plaintiff KeyBank's discovery requests involved related non-parties, the Perkins Rowe defendants repeatedly objected that the information/documents requested was not in their possession or control. They also responded to some requests by stating that defendant Spinosa did not possess any responsive documents in his individual capacity. Plaintiff KeyBank argued that these objections should not be sustained because there is no dispute that Spinosa is the manager, agent and/or an owner of the entities, including any non-parties that are named in the discovery requests.[16] Therefore, plaintiff KeyBank argued, the documents and information are actually in the Perkins Rowe defendants' possession and control.[17]

---

[16] See, record document number 186-24, plaintiff exhibit 22. The non-parties included in some of KeyBank's discovery requests are JTS Realty Services, L.L.C., Echelon Construction Services, L.L.C., and Central Facilities Operating Co., L.L.C.

[17] See, Rule 34(a)(1), Fed.R.Civ.P.; *In re Katrina Canal Breaches*, 2007 WL 1852184 (E.D. La. June 27, 2007)(Rule 34 obligation may extend to materials that a party has a legal right to obtain and to materials in the possession of employees or related entities); *Autery v. Smithkline Beecham Corp.*, 2010 WL
(continued...)

10

The record readily supports KeyBank's argument, and the Perkins Rowe defendants did not offer any persuasive arguments or information to contradict it. The Perkins Rowe defendants' objections on these grounds cannot be sustained.

Finally, the Perkins Rowe defendants' discovery responses are also replete with other blanket, unsupported objections - confidentiality, vagueness, burdensomeness, overbreath, attorney client privilege and/or work product protection. The Perkins Rowe defendants did not come forward with any factual or legal basis to support these objections either in their opposition memorandum or in the discovery responses themselves. Therefore, these unsupported objections cannot be sustained.[18]

Under Rule 37(a)(5)(A), Fed.R.Civ.P., the court must require the party and/or attorney whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in bringing the motion, unless the motion was substantially justified or other circumstances make an award of expenses unjust. The Perkins Rowe

---

[17] (...continued) 1489968 (W.D. La. April 13, 2010)(Rule 34 is broadly construed and documents within a party's control are subject to discovery even if owned by nonparty; documents deemed to be within possession, custody or control if party has actual possession or control, or has the legal right or practical ability to obtain the documents from a nonparty to the action); *U.S. v. Allstate Insurance Co.*, 2010 WL 3522958 (E.D. La. Aug. 31, 2010).

[18] Given the conclusion that all of the Perkins Rowe defendants' objections to the discovery are unsupported, it is unnecessary to address whether they waived objections by their late responses.

defendants' objections to the discovery and their opposition to this motion were not substantially justified, and no circumstances make an award of expenses unjust. Plaintiff KeyBank is entitled to an award of reasonable expenses under this rule.

## Conclusion

Accordingly, plaintiff KeyBank National Association's Expedited Motion to Compel Discovery, Extend Discovery Deadlines, and for Sanctions is granted.

Defendants Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC and Joseph T. Spinosa shall serve comprehensive and complete – not merely supplemental – answers and responses to the six sets of document requests and five sets of interrogatories that are the subject of this motion. Defendants shall serve their complete, comprehensive answers and responses within 14 days. The requirement that the answers and responses to the discovery requests be complete and comprehensive means that the Perkins Rowe defendants must provide again any substantive answers and/or responses they have previously supplied in response to an interrogatory or request for production. This requirement is imposed so that neither the parties nor the court will be required to sift through and correlate multiple responses to these discovery requests in the future.

No objections will be allowed, except for objections based on

attorney client privilege or work product protection, and then only to the extent the Perkins Rowe defendants have previously properly urged and supported such objections by a privilege log which satisfies Rule 26(b)(5)(A)(ii), Fed.R.Civ.P. The Perkins Rowe defendants answers and responses must also comply with all the requirements of Rules 33 and 34, including Rule 33(b)'s requirement that the interrogatory answers be made under oath and be signed by the person giving the answers.

Pursuant to Rule 37(a)(5)(A), plaintiff KeyBank shall have 14 days to file a statement of the reasonable expenses it incurred in bringing this motion. The Perkins Rowe defendants shall have 14 days after plaintiff KeyBank files its statement to file a response. A supplemental ruling to address the award of expenses will then be issued.

Baton Rouge, Louisiana, February 25, 2011.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE