UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, INC.,
ET AL

CIVIL ACTION

NO. 09-497-JJB-SCR

# RULING ON DEFENDANTS' MOTIONS TO REVIEW MAGISTRATE'S FEBRUARY 25, 2011 ORDER

This matter is before the Court on Defendant's Motion (doc. 318) to Review the Magistrate's Ruling Filed on February 25, 2011 on KeyBank National Association's Motion to Compel Discovery. Plaintiff has filed an opposition (doc. 342). This Court's jurisdiction exists pursuant to 28 U.S.C. § 1331.

## Background

On February 25, 2011, Magistrate Judge Stephen C. Riedlinger ("MJR") granted (doc. 304) Plaintiff KeyBank National Association's ("KeyBank") Motion to Compel Discovery. In his ruling ("the Ruling"), MJR concluded that KeyBank—despite that it "did not cite and discuss the deficiencies of every interrogatory and request for production"—had "cited enough examples to demonstrate the serious deficiencies in the [Defendants'] discovery requests." (doc. 304, p. 5). Specifically, MJR found that Defendants had simply repeated boilerplate, "unsupported objections and meager substantive responses" which "made it unnecessary for KeyBank to address each discovery request specifically" (doc.

1

304, p. 6).[1]  Moreover, MJR rejected Defendants' argument that they need not produce documents which were already in KeyBank's possession, because Defendants did not "answer[] a particular interrogatory or respond to a particular document request by specifically referring to or identifying information and documents previously provided," as is required under Federal Rules of Civil Procedure 33 and 34, but instead, provided "blanket discovery responses/objections which [gave] KeyBank no substantive information and merely [told] it to go review thousands of documents previously provided" (doc. 304, p. 7).

On March 11, 2011, Defendants filed their motion (doc. 318) to review the Ruling.  Defendants cited the following alleged deficiencies in the Ruling: (1) MJR relied on false affidavits and refused to allow Defendants to submit contradictory evidence; (2) MJR erred in issuing an omnibus ruling that all of Defendants' objections were unsupported on the basis of a few examples, instead of individually addressing each objection; (3) MJR erred in granting an omnibus order without reviewing all Defendants' responses or document productions; (4) MJR erred in sanctioning[2] Defendants without first finding that Defendants

---

[1] For instance, MJR found that Defendants had made, to nearly every discovery request, wholly unfounded and unsupported objections (1) based on relevance, confidentiality, vagueness, burdensomeness, overbreadth, attorney client privilege, and/or work product protection; and (2) falsely stating that the information or documents sought were not in Defendants' possession, despite that Defendant Spinosa is the manager, argent and/or owner of each of the entities from whom the information or documents were sought (doc. 304, pp. 9-11).

[2] MJR ordered that Defendants will not be allowed to object to requests on the basis of attorney-client privilege or work product protection unless the defendants had previously urged and supported such objections by a privilege log in accordance with 26(b)(5)(A)(ii).

engaged in willfulness, bad faith or fault; and (5) Defendants claim that it is not possible for them to comply with the Ruling (doc. 318).

On April 1, 2011, Plaintiff filed its opposition (doc. 342). Plaintiff asserts that (1) Defendants cannot demonstrate that MJR relied on the allegedly inadmissible evidence; (2) the omnibus ruling on Defendants objections was based on more than simply a few objections and was proper; (3) Defendants cannot demonstrate that MJR did not perform an appropriate review; (4) MJR found that Defendants had engaged in willfulness or bad faith, despite not using that exact language; and (5) Defendants can comply with the order and any difficulty in doing so is of Defendants' creation (doc. 318).

## Standard of Review

Under 28 U.S.C. 636(b)(1) and Federal Rule of Civil Procedure 72(a), a Federal District Court may review a Magistrate Judge's order on non-dispositive pretrial matters if a party objects within fourteen days of the order. The District Court may reverse only if the party objecting to the order bears the burden of establishing that the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); *Bradford v. Great Atl. & Pac. Tea Co.*, 2005 WL 3541062, at *1 (E.D. La. Nov. 16, 2005). A Magistrate Judge's order is clearly erroneous or contrary to law when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum*, 333 U.S. 364, 395 (1948). If there are two reasonable views of the

evidence, the factfinder's choice between them is not clearly erroneous. *Shaw Constr. v. PCS Nitrogen Fertilizer LP*, 326 F. App'x 860, 863 (5th Cir. 2009).

## Discussion

### I. Reliance on affidavits

Defendants assert that MJR erred in relying on the affidavits supplied by Plaintiff in support of its Motion to Compel Discovery (doc. 318). Defendants allege that the affidavits are not based on personal knowledge and that many statements contained within the affidavits are false (doc. 318).

Plaintiff asserts that Defendants failed to demonstrate that MJR relied on the allegedly inadmissible statements by the affiants (doc. 342). Plaintiff asserts that MJR issued the Ruling based solely on Defendants' insufficient and unsupported objections and responses to Plaintiff's discovery requests (doc. 342).

The Court finds that Defendants have not borne their burden of demonstrating that MJR relied on the allegedly inadmissible statements. *Bradford*, 2005 WL 3541062, at *1. Nowhere in Defendants' motion do they point to any language in the Ruling demonstrating his reliance on the inadmissible statements.

### II. Omnibus ruling as to Defendants' objections

Defendants assert that MJR erred (1) in issuing an omnibus ruling that all of Defendants' objections were unsupported on the basis of a few examples,

instead of individually addressing each objection; and (2) ordering the production of documents already in Plaintiff's possession (doc. 318).

Plaintiff claims that MJR did not err because (1) Plaintiff cited copious deficiencies in Defendants' objections; (2) Plaintiff's possession of some of the requested documents does not relieve Defendants of their burden to produce documents; and (3) Defendants have not shown that the Ruling was clearly erroneous or contrary to law (doc. 342).

Under Federal Rule of Civil Procedure 26(b)(2)(C), the court must limit discovery otherwise allowed by the Rules if "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." However, a party may not simply refuse to respond to a party's discovery request on the grounds that the party already has the information. *See, e.g.*, *Davidson v. Goord*, 215 F.R.D. 73, 77 (W.D.N.Y. 2003); *Walt Disney Co. v. DeFabilis*, 168 F.R.D. 281, 284 (C.D. Cal. 1996). Moreover, under the Federal Rules of Civil Procedure, courts are given wide discretion to manage the discovery process in order to ensure that all parties comply with their obligation to properly respond to discovery requests. 4 James Wm. Moore et al, Moore's Federal Practice ¶¶ 26, 27 (2d ed. 1984).

The Court finds that the omnibus ruling on Defendants' objections was not clearly erroneous or contrary to law. Because of the claims and defenses asserted in this case, "basically anything related to Perkins' Rowe defendants'

management of the Perkins Rowe project has become relevant to this case" (doc. 304, p. 10). Nonetheless, Defendants have continually stonewalled Plaintiff, relying on boilerplate, baseless objections. Defendants seize on the following language in the Ruling as evidence that Plaintiff cherry-picked a handful of deficiencies upon which MJR relied: "[t]he Perkins Rowe defendants' repeated, unsupported objections and meager substantive responses made it unnecessary for plaintiff KeyBank to address each discovery request specifically" (doc. 304, p. 6). However, in its Motion to Compel, Plaintiff identified 215 of Defendants' 237 discovery requests as objectionable and provided reasons why such requests were unreasonable (doc. 186). Importantly, Defendants have not established that any particular objection in the Motion to Compel was "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). As such, MJR properly exercised the Court's significant discretion in managing the discovery process in concluding that Defendants must start anew in responding to Plaintiff's discovery requests, despite that Plaintiff may already have access to the requested documents. *See, e.g.*, *Davidson*, 215 F.R.D. at 77; *Walt Disney Co.*, 168 F.R.D. at 284; Moore et al, supra, at ¶¶ 26, 27.

**III. Magistrate Judge Riedlinger's review of responses and productions**

Defendants claim that MJR erred in granting an omnibus ruling without reviewing all of Plaintiff's requests and Defendants' responses or document productions (doc. 318). Plaintiff claims that MJR in fact performed such a review (doc. 342).

The Court finds that Defendants have failed to establish that MJR failed to perform a satisfactory review. The Ruling states that "[a]ll of the parties' arguments and the documents they submitted have been carefully considered. A review of Plaintiff KeyBank's discovery requests and the Perkins Rowe defendants' objections, answers and responses shows that the arguments are without merit" (doc. 304, p. 5). Defendants have submitted no evidence demonstrating that MJR failed to undertake his duty to perform a satisfactory review, and the Court finds Defendants' insinuation utterly unfounded and entirely inappropriate.

**IV. Sanctions**

Defendants assert that MJR erred in sanctioning[3] them without first finding that they engaged in willfulness, bad faith or fault (doc. 318). Plaintiff asserts that MJR did in fact find that Defendants engaged in willfulness, bad faith or fault, despite that he did not use that exact language (doc. 342).

A court may order that otherwise privileged or protected documents be disclosed as a sanction when it has found that the sanctioned party improperly authored its privilege log willfully or authored it in bad faith. *Cashman Equip. Corp. v. Rozel Operating Co.*, 2009 U.S. Dist. LEXIS 702604, at *7-8 n. 4 (M.D. La. Aug. 11, 2009).

---

[3] MJR ordered that Defendants will not be allowed to object to requests on the basis of attorney-client privilege or work product protection unless Defendants had previously urged and supported such objections by a privilege log in accordance with 26(b)(5)(A)(ii).

7

The Court finds that the sanctions imposed are not clearly erroneous or contrary to law. In the sixteen months since KeyBank served its discovery requests, Defendants have identified only twenty-six documents as privileged. By August 9, 2010, Defendants produced a total of three-hundred pages and identified twenty-six as privileged (doc. 328-2). Since that date, Defendants have produced over 86,000 documents and failed to identify a single additional document as privileged. On October 25, 2010, Plaintiffs complained about the insufficiency of Defendants' privilege log, but Defendants have failed to respond (doc. 328-3, 4).

Moreover, the Ruling is replete with references to conduct which connotes Defendants' bad faith or willfulness. MJR found that Defendants' objections were "without merit," "unsupported," full of "serious deficiencies," "unpersuasive and legally unsupported," and "baseless" (doc. 304, pp. 5, 7, 10, 12). MJR also found that Defendants "have had ample time to remove their meritless, unsupported objections and to cure the numerous deficiencies in their discovery responses" and "[t]hey have refused or failed to do so (doc. 304, pp. 11-13).

### V. Impossibility of complying with the Ruling

Defendants assert that it will be impossible for them to comply with the Ruling to respond to Plaintiff's discovery requests anew in twenty-eight days (doc. 318). Defendants claim that they will need an additional thirty days toApril 7, 2011.comply with the Ruling (doc. 318). Plaintiff asserts that Defendants are exaggerating the difficulty because they can comply with their obligations by

simply producing the metadata associated with the produced emails and electronically stored information (doc. 342).

The Court finds that the Ruling was not clearly erroneous or contrary to law. First, Defendants can comply with their obligations to produce documents under Federal Rule of Civil Procedure 34 by producing the metadata corresponding to the emails and electronically stored information. *See, e.g.*, *Consol. Rail Corp. v. Grand Trunk W. R.R. Co.*, 2009 U.S. LEXIS 118394, at *7 (E.D. Mich. Dec. 18, 2009). Second, to the extent that Defendants do not wish to comply in this manner, they can produce the documents in their native format and an appropriate spreadsheet—as they could and should have done at any point prior to Plaintiff's Motion to Compel. Though Defendants may view the Ruling as inappropriate, it is Defendants' own inappropriate conduct that has placed them in this position.

## **Conclusion**

Accordingly, the Court hereby DENIES Defendants' (doc. 318) Motion to Review the Magistrate Judge's February 25, 2011 Ruling on KeyBank National Association's Motion to Compel.

Signed in Baton Rouge, Louisiana this 6th day of April, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**