UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, INC.,
ET AL

CIVIL ACTION

NO. 09-497-JJB-SCR

**RULING ON PLAINTIFF'S MOTION FOR CONTEMPT AND FOR SANCTIONS**

This matter is before the Court on Plaintiff KeyBank National Association's Motion (doc. 353) for Contempt and for Sanctions, Including Dismissal of Defendants' Defenses and Counterclaims. Defendants[1] have filed an opposition. There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Court GRANTS Plaintiff's motion.

**Background**

On September 8, 2010, Plaintiff filed a motion (doc. 186) to compel discovery from Defendants. Plaintiff asserted that Defendants, despite alleging numerous counterclaims and defenses,[2] refused to provide any meaningful responses to Plaintiff's discovery requests. In addition, Plaintiff asserted that Defendants had purposefully withheld responsive and critical documents. In its

---

[1] Defendants are Perkins Rowe Associates, LLC, Perkins Rowe Associates II, LLC, Perkins Rowe Block A Condominiums, LLC, and Joseph T. Spinosa (collectively "Defendants" or "Perkins Rowe").
[2] Defendants asserted counterclaims against Plaintiff for breach of contract and wrongful sequestration. In addition, Defendants asserted the following defenses: release of obligations, nonperformance of contract, various equitable defenses including laches and unclean hands, prescription, standing, subject matter jurisdiction, and detrimental reliance.

1

motion, Plaintiff requested that the Court sanction Defendants by dismissing their counterclaims and defenses. In support of its request, Plaintiff noted that Defendants had already been sanctioned numerous times and had generally failed to cooperate in the discovery process.

On February 25, 2011, Magistrate Judge Stephen C. Riedlinger ("MJR") granted (doc. 304) Plaintiff's motion to compel on the grounds that Defendants' discovery responses were fraught with general and unsubstantiated objections ("MJR's Ruling"). Though he opted against dismissing Defendants counterclaims and defenses, MJR determined that sanctions were appropriate and ordered that "[n]o objections will be allowed, except for objections based on attorney client privilege or work product protection, and then *only to the extent the Perkins Rowe defendants have previously properly urged and supported such objections* by a privilege log which satisfies Rule 26(b)(5)(A)(ii), Fed.R.Civ.P." (*Id.*, pp. 12-13) (emphasis added).

On April 7, 2011, this Court denied (doc. 343) Defendants' appeal of MJR's Ruling. The Court recognized that the disclosure of otherwise privileged or protected documents may be imposed as a sanction if the party objecting to the disclosure willfully and improperly authored its privilege log or did so in bad faith. (*Id.*, p. 7). In concluding that the sanction imposed by MJR was appropriate, the Court found that:

> In the sixteen months since KeyBank served its discovery requests, Defendants have identified only twenty-six documents as privileged. By August 9, 2010,

> Defendants produced a total of three-hundred pages and identified twenty-six as privileged. Since that date, Defendants have produced over 86,000 documents and failed to identify a single additional document as privileged. On October 25, 2010, Plaintiffs complained about the insufficiency of Defendants' privilege log, but Defendants have failed to respond.

(Id., p. 8) (internal citations omitted). Based on this blatant failure to author a reasonable privilege log and Defendants' numerous prior discovery abuses, the Court found that MJR correctly prohibited Defendants from objecting to document "requests on the basis of attorney-client privilege or work product protection unless [D]efendants had previously urged and supported such objections by a privilege log." (*Id.*, pp. 2, 7).

Despite these rulings, Defendants have failed to produce the requested documents. Instead, Defendants have sent Plaintiff over one hundred pages of privilege logs and indicated that they intend to provide more. Defendants' counsel has stated that their client has refused to give them permission to produce the requested documents and that they interpreted MJR's Ruling not to apply to recently produced documents (doc. 353, ex. A). In addition, Defendants have also indicated that they will *again* ask this Court to reconsider the privilege issue and that they intend to file for an interlocutory appellate review—though they have not yet taken any steps to do so.

On May 9, 2011, Plaintiff filed its Motion (doc. 353) for Contempt and for Sanctions, Including Dismissal of Defendants' Defenses and Counterclaims. Plaintiff asserts that Defendants violated an explicit discovery order and have

3

willfully and continuously thwarted the discovery process. On June 3, 2011, Defendants filed their opposition (doc. 362).

## **DISCUSSION**

Plaintiff asserts that Defendants' counterclaims and defenses should be dismissed (doc. 353). Plaintiff asserts that Federal Rule of Civil Procedure 37(b) authorizes a court to dismiss the claims or defenses of a party who violates a court order or fails to provide appropriate discovery. Plaintiff alleges that Defendants have violated MJR's Ruling by providing voluminous privilege logs rather than the requested documents. Moreover, Plaintiff asserts that Defendants have engaged in a pattern of discovery abuses which further justify dismissal.

Defendants reassert that MJR's Ruling—in which he barred Defendants from objecting to document requests on the grounds of attorney-client privilege or work product protection unless previously done so—and this Court's decision to uphold that ruling, were wrongly decided (doc. 362). As such, Defendants claim that they were justified in violating the order to protect their client's privileged information.

Under Federal Rule of Civil Procedure 37(b)(2)(v), if a party fails to obey a court order or provide discovery, the court may sanction the party. In such cases, the court has substantial discretion to determine the appropriate sanction

and may even dismiss the sanctioned party's claims or defenses.³ To do so, the court must find that (1) the penalized party's violation was willful; and (2) a less drastic sanction would not be a sufficient deterrent. *Plasticsource Workers Comm. v. Coburn*, 283 Fed. App'x 181, 184 (5th Cir. 2008). In addition, the court may consider whether the penalized party's client participated in or encouraged the violation, and whether the violation prejudiced the opposing party. *Id.*

In addition, a court may hold a party in civil contempt for failing to obey a discovery order. *See, e.g.*, *Smith v. Smith*, 145 F.3d 335, 344 (5th Cir. 1998); *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1486 (5th Cir. 1990); *J.D. v. Nagin*, 2009 WL 363456, at *5 (E.D. La. 2009); *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 583 F.Supp. 115, 122 (D.C.La. 1984). In such a proceeding, the movant must establish that (1) a court order was in effect; (2) the order required the respondent to take specific action; and (3) the respondent failed to comply with the court's order. *United States v. City of Jackson*, 359 F.3d 727, 731 (5th Cir. 2004). In addition, courts within the Fifth Circuit generally require that the party violated the court's order willfully or in bad faith. *See Nagin*, 2009 WL 363456, at *5.

The Court finds that a finding of contempt and dismissal of Defendants' affirmative defenses and counterclaims is an appropriate sanction for their

---

³ *See, e.g.*, *Doe v. Am. Airlines*, 283, Fed. App'x 289, 292 (5th Cir. 2008) (affirming dismissal of party's claims where party disobeyed discovery order and demonstrated a pattern of intentional delay and refusal to cooperate in discovery); *Bluitt v. Arco Chem. Co.*, 777 F.2d 188, 190 (5th Cir. 1985) (same); *Watson v. Commissioner*, 690 F.2d 429, 431 (5th Cir. 1982) (affirming dismissal of party's claims where party disobeyed discovery order after court had already rejected party's objections and privilege claims); *Morton v. Harris*, 628 F.2d 438, 440 (5th Cir. 1980) (affirming dismissal of party's claims where party "willfully and deliberately failed and refused, in bad faith, to fully comply" with discovery order).

discovery abuses.  Simply put, Defendants willfully violated a court order and the Court is now convinced that Defendants, who have already been sanctioned four times for discovery abuses in this case alone, will not respond to a lighter sanction than the one imposed herein.

MJR's Ruling explicitly stated that "[n]o objections will be allowed, except for objections based on attorney client privilege or work product protection, and then *only to the extent the Perkins Rowe defendants have previously properly urged and supported such objections* by a privilege log which satisfies Rule 26(b)(5)(A)(ii), Fed.R.Civ.P."  Since the ruling, Defendants have produced over a hundred pages of privilege logs and indicated that they intend to produce more.  Defendants' claim that they do not interpret the ruling to apply to newly produced documents.  However, the ruling could not be more clear: "no objections will be allowed" unless "previously properly urged and supported."  (doc. 304, pp. 12-13).  Indeed, Defendants devoted nearly their entire opposition urging—again—that MJR's Ruling, and the Court's upholding thereof, were in error rather than clarifying how its conduct was appropriate in light of those decisions.   As such, the Court finds that Defendants violated MJR's Ruling willfully and in bad faith.

Furthermore, that Defendants themselves—and not simply their attorneys—have refused to allow the documents to be produced only strengthens the argument for dismissal.  Though an unwilling client should not suffer for his attorney's foot-dragging or bad faith, a client who directly participates in the subversion of discovery should be barred from asserting claims or defenses for

6

which he provides his opposition no means to disprove. *See Plasticsource Workers Comm.*, 283 Fed. App'x at 184.

Finally, the Court finds that the sanctions imposed are necessary to compel Defendants to satisfy their discovery obligations. Defendants' failure to obey MJR's February 25th ruling is not the first time they have exhibited a lack of respect for this Court or Plaintiff. Throughout this case, Defendants have disobeyed court orders, filed frivolous motions, and impeded Plaintiff's attempts to obtain third-party discovery. For their efforts, Defendants have already been sanctioned four times for discovery abuses. (docs. 105, 145, 304, 348). Clearly, the previous sanctions have not had the necessary deterrent effect, and thus more drastic measures are now required. *See Plasticsource Workers Comm.*, 283 Fed. App'x at 184.

**Conclusion**

Accordingly, the Court hereby GRANTS Defendants' Motion (doc. 353) for Contempt and for Sanctions, Including Dismissal of Defendants' Defenses and Counterclaims. As such, Defendants will not be able to defend their conduct or assert counterclaims against Plaintiffs based on Plaintiff's alleged breaches of contract.

Signed in Baton Rouge, Louisiana this 7th day of June, 2011.

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **JUDGE JAMES J. BRADY**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **UNITED STATES DISTRICT COURT**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **MIDDLE DISTRICT OF LOUISIANA**