UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, INC.,
ET AL

CIVIL ACTION

NO. 09-497-JJB-SR

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION**

This matter is before the Court on Defendants' Motion (doc. 378) for Reconsideration. This Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. There is no reason for oral argument. For the reasons stated herein, the Court DENIES Defendants' motion.

**Background**

On February 25, 2011, Magistrate Judge Stephen C. Riedlinger ("MJR") granted (doc. 304) Plaintiff's motion to compel discovery. MJR concluded that Defendants' discovery responses were fraught with general and unsubstantiated objections. MJR ordered that "[n]o objections will be allowed, except for objections based on attorney client privilege or work product protection, and then *only to the extent the Perkins Rowe defendants have previously properly urged and supported such objections* by a privilege log which satisfies Rule 26(b)(5)(A)(ii), Fed.R.Civ.P." (*Id.*, pp. 12-13) (emphasis added). On April 7, 2011, this Court upheld (doc. 343) MJR's Ruling. In doing so, the Court found that:

1

> In the sixteen months since KeyBank served its discovery requests, Defendants have identified only twenty-six documents as privileged. By August 9, 2010, Defendants produced a total of three-hundred pages and identified twenty-six as privileged. Since that date, Defendants have produced over 86,000 documents and failed to identify a single additional document as privileged. On October 25, 2010, Plaintiffs complained about the insufficiency of Defendants' privilege log, but Defendants have failed to respond.

(Id., p. 8) (internal citations omitted).

Thereafter, Defendants nonetheless failed to produce the requested documents, and, instead, sent Plaintiff over a hundred pages of privilege logs and indicated that they intended to provide more.  As a result, Plaintiff filed a Motion for Contempt and for Sanctions which this Court granted (doc. 366) on June 7, 2011.  The Court concluded that Defendants had willfully violated a discovery order and ordered the dismissal of Defendants' affirmative defenses and counterclaims.  In support of its decision, the Court noted that Defendants had "disobeyed court orders, filed frivolous motions, and impeded Plaintiff's attempts to obtain third-party discovery" and had "already been sanctioned four times for discovery abuses" (doc. 366, p. 6).  The Court also noted that "Defendants themselves—and not simply their attorneys—have refused to allow the documents to be produced" and that "a client who directly participates in the subversion of discovery should be barred from asserting claims or defenses for which he provides his opposition no means to disprove"  (doc. 366, pp. 6-7).

On July 13, 2011, Defendants filed their Motion (doc. 378) for reconsideration. Defendants assert that the Court should overturn its finding of contempt and entry of sanctions because (1) Plaintiff acted in bad faith; (2) their failure to comply with the court's order was not willful or in bad faith; (3) Plaintiff was not prejudiced by Defendants' conduct; (4) less drastic sanctions were available.

### Discussion

**I. New Evidence of Plaintiff's Bad Faith**

Defendants assert that it has new evidence, an affidavit by Andy C. Alvillar ("Alvillar") of GlassRatner, establishing that Plaintiff did not fulfill its own discovery obligations and so it is not entitled to equitable relief. According to Defendants, an audit of Defendants' by GlassRatner revealed that Defendants never fraudulently diverted funds from the project. As such, Defendants assert, Plaintiff has engaged in bad faith by submitting affidavits suggesting otherwise.

A court should only grant equitable relief when the party seeking relief has acted in good faith. *New York Football Giants, Inc. v. Los Angeles Chargers Football Club, Inc.*, 291 F.2d 271, 273 (5th Cir. 1961). Under this "unclean hands" doctrine, a party will be denied equitable relief where it has itself acted unconscionably in relation to the matter at issue to the detriment of the other party. *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 244 (1933).

The Court finds that Alvillar's affidavit does not establish that Plaintiff acted in bad faith. First, Plaintiff does not contend that Defendants diverted funds away

3

from the *project* entirely. Plaintiff only contends that Defendants used funds to pay entities for which the funds were not intended. Moreover, at most, Alvillar's affidavit creates a genuine issue of material fact as to whether Defendants diverted funds. It does not establish that Plaintiff acted in bad faith in suggesting otherwise. What is undisputable is that Defendants blatantly ignored this Court's February 25th order compelling discovery.

**II. Defendants' Misconduct**

Defendants assert that their conduct does not justify dismissal of their defenses and counterclaims because (1) they did not engage in bad faith; (2) less drastic sanctions were available through which to compel their compliance; and (3) Plaintiff was not prejudiced by Defendants' conduct.

Dismissal of a party's defenses is undoubtedly a heavy sanction that is appropriate only when less drastic sanctions would not ensure compliance. *Marshall v. Segona*, 621 F.2d 763, 767-68 (5th Cir. 1980). Generally speaking, dismissal is only appropriate where: (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect. *Doe v. Am. Airlines*, 283 Fed. App'x 289, 291 (5th Cir. 2008).

For the reasons stated below, the Court finds that dismissal of Defendants' affirmative defenses and counterclaims was an appropriate remedy.

**A. Willfulness or Bad Faith**

Defendants assert that they did not act in bad faith because they have spent considerable time and money answering Plaintiff's discovery requests and because the remaining unproduced documents are privileged and Defendants fear that by producing them, they may waive privilege as to the documents in future litigation (doc. 378, pp. 5-6). In addition, Defendants assert that the Court erred in dismissing their defenses and counterclaims on the grounds that Defendants had "disobeyed court orders, filed frivolous motions, and impeded Plaintiff's attempts to obtain third-party discovery" and had "already been sanctioned four times for discovery abuses" (doc. 366, p. 6).

The Court finds that Defendants acted willfully and in bad faith. Though Defendants may have spent considerable time and money complying with discovery requests, Defendants plainly violated the Court's February 25th order which stated that "[n]o objections will be allowed, except for objections based on attorney client privilege or work product protection, and then *only to the extent the Perkins Rowe defendants have previously properly urged and supported such objections* by a privilege log which satisfies Rule 26(b)(5)(A)(ii), Fed.R.Civ.P." (*Id.*, pp. 12-13) (emphasis added). Instead, Defendants produced hundreds of pages of privilege logs. Defendants claim that they did not understand the contours of the Court's February 25th order. However, the

language of the order could not be more clear. And though Defendants may have wished to ensure that their documents remained privileged, they were not at liberty to disregard the Court's order.

Moreover, the Court finds that its characterization of Defendants' conduct does not alter its conclusion that Defendants' acted willfully and in bad faith. Though Defendants are correct that they were never "sanctioned," under Federal Rule of Civil Procedure 37(b), they were forced to pay Plaintiff's expenses in opposing motions which the Court determined to be frivolous under Federal Rule of Civil Procedure 37(a) (docs. 105, 145, 304 & 348). Moreover, Defendants have plainly "disobeyed court orders" and "impeded Plaintiff's third-party discovery"—indeed, the conduct for which Defendants are now being sanctioned falls into these categories.

### B. Less Drastic Sanctions

Defendants assert that less drastic sanctions were available to compel them to produce the desired documents. However, the Court finds that this is not the case. At the status conference in which the parties discussed the motion to compel, Defendants' counsel plainly stated that he did not have his client's permission to produce the documents. Moreover, Defendants' counsel indicated that it would contest any effort to compel production of the documents.

### C. Prejudice to Plaintiff

Finally, Defendants assert that the Court erred because Plaintiff was not prejudiced by Defendants' conduct insofar as there is no set trial date or

discovery deadline. However, Defendants' conduct is, in large part, the very reason why there is no trial date or discovery deadline. Plaintiff has been forced to oppose countless frivolous motions, expending significant time and resources in doing so. Moreover, given that there are numerous suits pending against Defendants arising out of the Perkins Rowe project, Plaintiff could be significantly prejudiced by Defendants' delay as Defendants may become judgment-proof. *See Adams v. State Farm Lloyds, Inc.*, 2008 WL 906256, at *2 (Mar. 31, 2008).

## Conclusion

Accordingly, the Court hereby DENIES Defendants' Motion (doc. 378) for Reconsideration.

Signed in Baton Rouge, Louisiana this 25th day of July, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**