UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES, L.L.C., ET AL.

CIVIL ACTION
NO. 09-497-JJB
Consolidated with
NO. 10-552-JJB

**RULING AND ORDER**

This matter is before the court on a motion (doc. 471) by plaintiff to set foreclosure procedures, which is opposed by Perkins Rowe and by Thornco. Additionally pending is a motion (doc. 479) by plaintiff to file the supporting exhibits under seal or to file them in the public record. There is no need for oral argument.

Preliminarily, the court finds that the supporting documents should be filed in the public record. As to the foreclosure procedures to the followed, the court is in general agreement with KeyBank and those procedures are hereby approved subject to supplementation as provided herein.

The main[1] objection by Perkins Rowe relates to the appraisal. Defendants have been given ample opportunity to submit their own appraisal; the magistrate judge has ruled that the appraisal submitted was flawed. Doc. 145. However, the court will consider appointing a third appraiser and/or requiring KeyBank to update its appraisal report. Perkins Rowe also objects to the "in globo" sale of the property. The court finds no merit to this objection. As KeyBank observes in its memorandum, this is consistent with the

---

[1] Perkins Rowe's argument that it needs more time to address these issues appears to simply be another delaying tactic.

1

procedures set forth in La. Code Civ. P. art. 2295.  Thornco objects that KeyBank's proposed credit bid procedure will not adequately protect Thornco's lien rights.  Other objections by Perkins Rowe and Thornco relate to publication and notice requirements.  The parties are instructed to confer and attempt to fashion an amicable resolution of these details.[2]  In large part, the objection by Thornco seems to be a belated request to stay execution of the judgment, an issue previously determined adversely to Perkins Rowe, and one that the court declines to revisit.  Doc. 470.

Accordingly, the motion (doc. 479) to file documents in the public record is hereby GRANTED and the motion (doc. 471) to set foreclosure procedures is hereby GRANTED to the extent provided herein.  The parties shall confer and attempt to resolve all remaining details of the procedure and report to the court within 7 days.

Baton Rouge, Louisiana, October 18, 2012.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[2] Thornco additionally argues that steps should be taken to protect Thornco's lien rights (which are currently subject to appeal to the Fifth Circuit).  The court makes no determination as to this point at this time and requests that counsel confer on this issue as well. The arguments relative to an "accounting" are a separate issue from the foreclosure requirements and are not addressed herein either.