UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATES,
L.L.C., ET AL.

CIVIL ACTION
NO. 09-497-JJB
Consolidated with
NO. 10-552-JJB

**RULING AND ORDER**

This matter is once again before the court on KeyBank's motion (doc. 471) to set foreclosure procedures.  The court approved most of the procedures outlined by KeyBank (doc. 480) and requested the parties to attempt to resolve the remaining issues.  The sole matter of significance that the parties were unable to agree upon is whether Perkins Rowe should be given a further opportunity to submit an appraisal.   As previously noted (doc. 480), Perkins Rowe submitted an appraisal report that was flawed; and, the magistrate judge struck the appraisal and Perkins Rowe's use of that expert (Richard Ellis) in a ruling entered in May of 2010.  Doc. 145.  No appeal was taken and that ruling became law of the case as to "any claim or issue related to the value of the Property." Doc. 145, p. 1.

At a telephone conference held this date, counsel for Perkins Rowe argued that the magistrate judge's ruling pertained only to "merits discovery" and not to post-judgment foreclosure procedures.  KeyBank's attorneys countered that there was no issue on the merits that related to the value of the property and the appraisals were being obtained with the understanding among counsel that they would be used in connection with  foreclosure procedures.  The court finds KeyBank's argument by in large the more persuasive of the two.  However, affording Perkins Rowe the benefit of the doubt, the court turns to the

1

additional arguments made by the parties.

Under Fed. Rule Civ. P. 69(a), execution of money judgments "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."  KeyBank directs the court to the federal statute on sale of realty, 28 U.S.C. §2001.  Section 2001 provides for a public sale to be conducted at the courthouse "upon such terms and conditions as the court directs."  The statute on its face vests the court with discretion in directing the terms and conditions of the public sale.

As noted by Perkins Rowe, Louisiana procedures for appointment of appraisers are set forth in La. R.S. 13:4363.  Under that process, the sheriff sends a notice (no less than seven days before the sale) directing the debtor and the seizing creditor to each name an appraiser and to deliver their appraisals at least two days before the sale.  These procedures are obviously unworkable here due to the magnitude of the property involved– the Cushman & Wakefield Appraisal obtained by KeyBank exceeds 200 pages.  Even when reference is made to state procedural provisions,[1] it has been said that Rule 69(a) is "not meant to put the judge into a straightjacket";[2] all that is required is substantial compliance[3] in a commonsense manner with recognition that proceedings to enforce judgments are intended to be "swift, cheap [and] informal."[4]

---

[1] KeyBank argues that Rule 69 does not apply to judicial foreclosure sales, citing *U.S. v. Petty Motor Co.*, 767 F.2d 712 (10th Cirl. 1985), cert. denied, 475 U.S. 1056.  While this argument appears to be correct, the court need not rest its decision on this point.

[2] *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 "(7th Cir. 1993).

[3] 12 Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d §3012.

[4] *Star Ins. Co. v. Risk Marketing Group Inc.*, 561 F.3d 656 (7th Cir. 2009).

With these strictures in mind, the court will allow Perkins Rowe a period of not to exceed 30 days to obtain an appraisal by someone other than Richard Ellis.  The judgment was entered September 4, 2012.   Perkins Rowe has known that an appraisal would promptly be needed for foreclosure purposes for months now.   There was no need to wait for KeyBank to force the issue by filing its motion to set foreclosure procedures.  The court views Perkins Rowe response as just one more attempt to delay matters.    Under the circumstances, the court finds that 30 days is an appropriate time period.   If Perkins Rowe is unable to obtain an appraisal within that period, the sale will proceed with just the appraisal of Cushman & Wakefield.  KeyBank shall have its appraisal updated within 30 days.

Accordingly, the court issues these further instructions (as set forth herein) relative to KeyBank's motion (doc. 471) to set foreclosure procedures.  The parties shall report back to the court as necessary to proceed with this process in a timely fashion.

Baton Rouge, Louisiana, November 2nd, 2012.

JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA