UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KEYBANK NATIONAL ASSOCIATION

VERSUS

PERKINS ROWE ASSOCIATION,
LLC, ET AL.

CIVIL ACTION

NO. 09-497-JJB

**RULING ON MOTIONS**

Motions have recently been filed in this matter that might have some impact upon the Marshal's sale presently set for August 28, 2013. The court finds that these matters have been sufficiently briefed and that it is in the interests of judicial fairness and economy to resolve the motions as expeditiously as possible. Consequently, the motions will be considered seriatim.

I. KeyBank's Application (doc. 553) for Writ of Execution

KeyBank seeks the seizure and sale of Joseph T. Spinosa's ownership interests in Central Facilities, LLC. Pointing to the "most recent appraisal of Perkins Rowe" providing an estimated value at approximately $95 million, KeyBank contends that it should be entitled to seize and sell the interests of Joseph T. Spinosa to further satisfy the judgment that has been entered in Keybank's favor. Said interests are identified as "the ownership, membership and other interests (including, but not limited to, rights to payments, reimbursements, profits and distributions and all certificates representing such interests) of Joseph T. Spinosa in Central Facilities, LLC.

Perkins Rowe has filed an opposition making the following points: (1) that Spinosa

1

transferred his "interests" to BTR Property Holdings, LLC in May of 2013; (2) that the writ is overbroad; (3) that Spinosa's interest as "Manager" of Central Facilities cannot be legally separated from the rest; and (4) that seizure would be contrary to the terms of the Operating Agreement.  The court finds merit in all of Perkin Rowe's arguments.  The writ application will be denied.

II.  Motion (doc. 563) by Lawrence Randall Spinosa to Intervene

Lawrence Randalll Spinosa seeks to intervene "of right" as Trustee of the Spinosa Class Trust for the limited purpose of opposing the writ application.  As the writ application is being denied, this motion will be as well.  Also, the court finds no merit to the argument that the interests of the Trust are not adequately represented in this matter.

III.  Perkins Rowe Motion (doc. 557) to Exercise Rights under La. Civ. Code art. 2652

In this motion, Perkins Rowe contends that six of the nine lenders involved in this matter have assigned their litigious rights over to Barclays Bank Plc.  Consequently, Perkins Rowe claims the right to extinguish a portion of the judgment by paying the price that Barclays paid for the assignments.

In opposition, KeyBank argues that art. 2652 is inapplicable because Perkins Rowe has not acted promptly as the original assignment to Barclays was made in 2011.  KeyBank further contends that the right of redemption has been forfeited by Perkins Rowe's actions in continuing to litigate the judgment on appeal and filing further matters connected with the Marshal's sale.  Additionally, KeyBank contends that assignments between co-debtors cannot be redeemed on the face of art. 2652 and Barclays became a co-owner back in 2011.  Last but not least, KeyBank questions this court's jurisdiction over the redemption issue considering the Fifth Circuit's recent denial of Perkins Rowe request for a  remand

order.

In its reply brief, Perkins Rowe disputes KeyBank's contention that it has not acted timely, asserting that it should be allowed to at least partially redeem the latest assignments made to Barclays. Perkins Rowe further disputes KeyBank's classification of Barclays as a "co-owner" for purposes of art. 2652. Regarding the jurisdictional question, Perkins Rowe contends that this court retains jurisdiction to "administer post judgment proceedings to affect the Marshall (sic) Sale."

The court finds that it lacks jurisdiction over the redemption claim. As Perkins Rowe states in its reply, this court retains jurisdiction to administer post judgment proceedings. In the court's opinion, the redemption claim does not fall within the scope of post judgment proceedings. Perkins Rowe's argument that the court is encouraging speculation in litigation (by not allowing redemption) must necessarily refer to speculation as to the appeal (since this court has rendered its judgment). The court finds that the determination of any redemptive rights post judgment should be left to the appellate court. Moreover, even if this were a collateral issue over which the court retained jurisdiction, the court agrees with KeyBank that Perkins Rowe forfeited the right to seek redemption by failing to do so when the original assignment was made to Barclays.

Accordingly, the Application (doc. 553) for Writ of Execution is DENIED; the motion (doc. 563) for intervention is DENIED; and the motion (doc. 557) to exercise rights under

art. 2652 is DENIED.

Baton Rouge, Louisiana, August 8, 2013.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA